AUG. TERM.
1842.

McDaniel and
Ously
v.
Wood and
Oliver.

McDANIEL & OUSLY v. WOOD & OLIVER.

1. After the dissolution of a partnership, one partner cannot draw, accept, or endorse bills to bind his co-partner.
2. A transfer of a bill or note, payable to order, can only be made by the person who is legally interested, and if the person to whom it is assigned, when he took the paper, knew that the person making the transfer had no right to make it, such transfer is inoperative.

Error to the Circuit Court of Monroe county.

GLOVER for Plaintiffs.

*Opinion of the Court, delivered by Napton, Judge.*

The plaintiffs below, Wood and Oliver, sued the defendants upon a note, executed by them to Pickett and Hawkins, for $1656.05, and assigned by endorsement to the plaintiffs.

From the bill of exceptions, it seems that George G. Hawkins and John C. Pickett composed the firm of Pickett & Hawkins; that the note sued on was given by McDaniel & Ously to Pickett & Hawkins in consideration of a stock of goods sold by them to McDaniel & Ously; that Pickett & Hawkins endorsed said note in blank, and delivered it to Shropshire & Ously, in payment of debt: that Shropshire, after the dissolution of the firm of Shropshire & Ously, delivered the said note to Th. L. Anderson, and directed him to collect the same, and apply it to the debts against Shropshire and Ously; that Ously was not present when this was done, and never assented to it, but on the contrary, informed Anderson, that he denied the power of Shropshire to dispose of the note. Anderson knew, when he received the note, that the firm of Shropshire & Ously had been dissolved: but with no other authority than what has been stated

above, he filled up the blank endorsement to Wood & Oliver, the plaintiffs, who were creditors of the said firm of Shropshire & Ously.

The circuit court held, that on this state of facts, the plaintiffs could recover, and a verdict, under the instructions of the court, was accordingly found by the jury, and judgment went for plaintiffs.

The doctrine is well settled, that after the dissolution of a partnership, one partner cannot draw, accept, or endorse bills, so as to bind his copartner. Chitty on Bills, 61. In this case, the endorsement was made by an agent of J. P. Shropshire, upon authority derived from him only, and was therefore only binding on him. The agent, at the time he filled up the blank endorsement, by the authority of Shropshire, was aware of the dissolution of the partnership, and of the entire absence of any authority from Ously.

A transfer of a bill or note, payable to order, can only be made by the person who is legally interested, and if the person to whom it is assigned, when he took the paper, knew that the person making the transfer had no right to make it, such transfer is inoperative. Chitty on Bills, 221.

This court is therefore of opinion that the instructions of the circuit court were erroneous.

Judgment reversed, and cause remanded.

*Side notes:*

AUG. TERM, 1842.

McDaniel and Ously v. Wood and Oliver.

After the dissolution of a partnership, one partner cannot draw, accept or endorse bills, so as to bind his co-partner.

A transfer of a bill or note, payable to order, can only be made by the person who is legally interested, and if the person to whom it is assigned, when he took the paper, knew that the person making the transfer had no right to make it, such transfer is inoperative.