*John Long* vs. *Elizabeth Story.*

---

### JOHN LONG vs. ELIZABETH STORY.

1. One partner can not, after dissolution of the partnership, make a note in the name of the firm, even in renewal of a note of the firm, so as to bind the other members, without special authority. A general authority to settle the business of the firm does not give such power.

2. To release the other partners in such case, it must be shewn that the payee of the note had notice of such dissolution.

## APPEAL from Clay Circuit Court.

WILSON & REES, *for Appellant, insist:*

1. The defendant insists upon a reversal of the judgment of the Circuit Court,

First, Because the verdict is contrary to law and evidence, (the note sued on not having been

read to the jury) without which there is no evidence to support the verdict of the jury.

Second. Because the court below erred in giving the 2nd instruction. See 2 McCord's Rep., 379; Gow, 242.

Third. Because the court below erred in giving the other five instructions, and more particularly the 4th instruction, (marked 3rd in transcript.) See Gow, 250–1; 13 Ver. Rep., 522, Hackney, &c. vs. Patrick; 3 J. R., 536; 2 J. R., 300; Malden vs. Sherburn, 15 J. R., 409; Hopkins vs. Bank, 7 Cow., 57; Baker vs. Stackpole, 9 Cow., 420; Hammon vs. Huntley, 4 Cow., 493; 6 J. R., 266; Brady, &c. vs. Hill & Rees, 1 Mo. R., 225; 1 McCord's Rep., 388; Bell vs. Morrison, 1 Peters, 370–1.

HAYDEN, *for Appellee, insists:*

That the court did not err in giving to the jury the instructions prayed for by the plaintiff, nor in overruling the motions for a new trial and in arrest of the judgment, made by the defendant.

NAPTON, J., *delivered the opinion of the Court.*

Elizabeth Story, the surviving administratrix of the estate of Smith Story, deceased, brought an action of assumpsit against John and Ja's H. Long. The declaration contained two counts; one founded on a note dated 3rd May, 1841, signed "J. & J. Long," for the payment to plaintiff and one Croysdale, as the legal representatives of said Story, the sum of $564 44, for value received, with ten per cent. interest one day after the date thereof; the other count being for money lent and advanced, &c. The defendant, John Long, (the suit having been discontinued as to James H.) filed three pleas, non-assumpsit, the statute of limitations, and a plea that the defendant did not execute the note in the first count mentioned. Upon the trial, the plaintiff produced a witness who testified that the note sued on and in evidence was in the hand writing of James H. Long; that he was present when the note was given; that it was given by way of renewal of a former note of the firm of J. & J. Long, and embraced the amount of principal and interest on the old note up to that date; that the old note was given shortly after James H. and John Long commenced mercantile business as partners; that said James H. and John continued their mercantile business until about the year 1839 or 1840, when they dissolved; that John Long was a farmer living in Clay county, and his son, James H., was the acting member of the firm, and wound up the business after its dissolution. The witness further stated, that the old note was given on the credit of the firm for money borrowed, and was signed by James H. in the firm style of "J. & J. Long;" that witness was sent by the administrators (of whom the plaintiff was one) to John Long to request him to come to town and renew the note; that he called on

John, who at first objected, supposing the note was given for a negro girl' bought by James H., but upon being satisfied by witness of his mistake in this particular, he told witness it was unnecessary for him to go to town, that James H. had authority to sign for both, and if he signed, it would be¦all right; that upon witness's return to town, James H. gave the note sued on. James H. Long was the son-in-law of Smith Story, deceased, and the witness lived in the family of said Story, and supposes the dissolution of the partnership of the Longs was known to plaintiff.

The defendant introduced several witnesses for the purpose of establishing the time of the dissolution of the partnership between John and J. H. Long, and to show the probable knowledge of that fact by plaintiff. One witness deposed that, according to his recollection, John and James H. dissolved partnership in 1838. Another witness stated that the partnership was dissolved on the 30th November, 1837; which fact he recollected from seeing the inventory made at the dissolution, and from the statements of both parties. In February, 1838, this witness and Willis Long entered into partnership with John Long, and this fact confirmed the witness in his belief that the dissolution of the firm of "J. & J. Long" took place in the fall of 1837. The sign of "J. & J. Long" continued over the door of the house, where James H. Long continued business on his own account, until 1839 or 1840. The witness did not know that any advertisement of the dissolution was ever published, but believes every one in the neighborhood knew the fact. Another witness, Willis Long, testified to about the same facts as the preceding.

The court, after the close of the evidence, gave all the instructions asked by either side, which were as follows:

Instructions for plaintiff:

1. If the jury believe from the evidence that the note sued on was executed for money which the firm of John and James Long had borrowed from Smith Story, in his lifetime; that a note had been given for the money when borrowed in the name of the firm, and that said note was renewed subsequently to the dissolution of said firm by James H. Long, who signed the firm name thereto, they will find for the plaintiff, unless they shall further believe from the testimony that Elizabeth Story, the plaintiff in this action, had actual notice of the dissolution of said firm at the time said note was so rendered.

2. In order to bind the plaintiff in this case, by notice, it devolves on the defendant to show that the firm, or some member thereof, had given the plaintiff notice of the dissolution, at or before the time of renewal of the note, or that the plaintiff had actual notice.

*John Long* vs. *Elizabeth Story.*

3. If the jury believe from the testimony that James H. Long was the active business member of the firm of John and James Long, and was settling up the business of the firm, he had the authority to bind the firm, even subsequent to the dissolution, in settling up the business of the firm.

4. That if the jury believe from the evidence that the note sued on was executed for money which the firm of John and James Long had borrowed from Smith Story, in his lifetime; that the money was borrowed when the firm was engaged in business and before the dissolution thereof, and for the use of the firm in carrying on its regular business, a note having been given by the firm at the time the money was so borrowed; and the note sued on was given at the date thereof, by way of renewal, for the principal and interest then due on the old note, and the old note cancelled and given up to J. H. Long; and they further find that James H. Long was the actual and business member of the firm, before the dissolution of the firm, and afterwards in winding up its business, they must find for the plaintiff, although they may believe the firm was dissolved at the time the note sued on was given, and although they may further believe it was signed in the firm name by the said James H. Long.

5. If they find from the evidence that the consideration of the note sued on was money borrowed for the use of the firm of J. & J. Long, before the dissolution of said firm, and after dissolution the note sued on was signed in the firm name by James H. Long, the active member of said firm, they must find for the plaintiff: if they further find that the defendant, John Long, was a member of said firm, and as such member, told the agent of the plaintiff that said James H. Long had authority to sign the note in the name of the firm, and if he so signed it, it would be all right as though he should sign it himself.

6. That the affidavit of the defendant to his third plea is not evidence before them, and is not to be so regarded or taken.

Instructions for defendant:

1. The defendant, John Long, moved the court to instruct the jury, that if they believe from the testimony that the note in question was executed by James H. Long, one of the partners, without the knowledge or consent of the other partner, John Long, after a dissolution of the partnership of J. & J. Long, they will find for defendant.

2. The defendant moves the court to exclude from the jury all the evidence given by George Story prior to the execution of the release.

The plaintiff had a verdict and judgment. A motion for a new trial

was made and overruled, and exceptions taken to the several opinions of the court.

The only question which the record presents, is the propriety of the instructions given by the Circuit Court. The principle is well established, that after the dissolution of a partnership, one partner cannot bind the other by drawing a note in the partnership name, unless he has a particular power vested in him for that purpose. A general authority to settle the partnership concerns, does not create such a power. Bank of South Carolina vs. Humphreys, 1 McCord R., 389; Martin vs. Walton, 1 McCord, 18; Whitman vs. Leonard, 3 Pick., 177; Whittaker vs. Brown, 10 Wend., 75; Sanford vs. Mickels & Forman, 4 Johns. R., 224. A portion of the instructions given by the Circuit Court clearly recognize these principles; but the third and fourth seem to place the liability of the defendant on entirely different grounds. The fifth instruction was a correct exposition of the law applicable to the facts proved, and had this instruction been unaccompanied with the third and fourth, we should not be under the necessity of disturbing the judgment. Had these instructions (the third and fourth) been mere abstractions, inapplicable to any proof given on the trial, we might have disregarded them; but as they relieved the plaintiff from all proof of any special authority on the part of John Long, notwithstanding the dissolution of the firm of "J. & J. Long" may have been known to the plaintiff, we cannot undertake to say but that the verdict was obtained in consequence of these instructions.

The other Judges concurring, the judgment is reversed and the cause remanded.