BREDOW, Respondent, v. THE MUTUAL SAVINGS INSTITUTION, Appellant.

1. Upon the dissolution of a partnership by the death of a partner, the surviving partner may proceed to wind up and settle the affairs of the partnership without giving bond as required by the fifth section of the first article of the act respecting executors and administrators; he may transfer a promissory note held by the partnership in payment of a partnership debt or liability.

2. Should the surviving partner fail, within the time limited, to give bond as required by the fifty-fifth section of the first article of the administration act, he is liable to be ousted from possession of the partnership effects, and divested of the right to administer on the same, by the executor or admin-

28 181
34a 498

28 181
39a 624

28 181
42a 165

28 181
45a 462

28 181
110 431
111 288

28 181
114 565

28 181
140 215

28 181
141 82

28 181
79a 428

28 181
87a 575

28 181
95a ¹692

istrator of the deceased partner, if the latter should give bond as required by the fifty-ninth section of the first article of said act.

3. In an action in the nature of an action of trover for the conversion of a promissory note, the measure of damages, *prima facie*, is the amount called for on the face of the note.

4. In a suit against a corporation, a stockholder thereof is a competent witness in behalf of the corporation. (Barclay v. Globe Mutual Insurance Co. 26 Mo. 490, affirmed.)

*Appeal from St. Louis Court of Common Pleas.*

Alpheus E. Koehls. and Henry Golberg were partners in trade under the style of Koehls & Golberg. They held two promissory notes payable to their order as partners. These notes, during the existence of the partnership, were endorsed to the Mutual Savings Institution for collection and as collateral security for an indebtedness then existing from Koehls & Golberg to said institution. On the 27th of August, 1856, the partnership was dissolved by notice. A few days thereafter Golberg died, and on the 29th of September, 1856, his widow received letters testamentary and qualified as executrix. She included in her inventory the whole of the partnership property, but did not give the further bond required by the statute to authorize her to administer on the partnership effects. On the 16th of October, 1856, Koehls gave a power of attorney to one Rudolph Macwitz authorizing him among other things to settle up the affairs of the late firm of Koehls & Golberg. Koehls never gave bond as surviving partner under the provisions of the administration act. On the 1st of December, 1856, Macwitz, acting under his power of attorney, assigned said two notes to the firm of Bredow & Schaffler. This transfer to Bredow & Schaffler was made to secure them against their liability on an accommodation endorsement of a promissory note which they had made in behalf of the firm of Koehls & Golberg. On the 2d of December, 1856, this assignment was presented to the Mutual Savings Institution and the notes were demanded. They were not given up. The indebtedness of Koehls & Golberg to said institution, to secure which said notes were endorsed

to said institution, was paid and extinguished December 12, 1856. Said notes were never collected by the Mutual Savings Institution. The letters of Mrs. Golberg were revoked and on the 6th of January, 1857, one Charles Enslin was appointed administrator *de bonis non* of the estate of Golberg, and gave the bond required by the fifty-ninth section of the first article of the administration act, and undertook the administration of the partnership estate according to the provisions of the act. On his demand, the Mutual Savings Institution gave the notes up to him. The present suit was instituted by Bredow (to whom Schaffler had assigned his interest in the notes) to recover damages for the alleged wrongful conversion of said notes. On the trial, John Cavender, president of the Mutual Savings Institution and a stockholder therein, was offered as a witness on the part of the defendant, and excluded for the reason that he was a stockholder.

*N. Holmes*, for appellant.

I. Enslin was the only person entitled by law to demand and have from the defendant the possession of the notes in question. The surviving partner has no right to administer on the partnership estate unless he gives bond as required by the statute. The surviving partner had no power to endorse and assign in the name of the firm notes held by the firm, even in the settlement of debts. (3 Kent, 63; 13 Verm. 452, 522; 5 Geor. 166; 2 Gratt. 372; Sto. on Part. § 322; 3 Esp. 108; 1 H. Bl. 155; 4 Johns. 224; 1 Humph. 51.) The power of attorney conferred no such power on Macwitz. (3 Snead, 508; 18 Pick. 505.) These notes having been endorsed to the defendant before the dissolution of the firm, the legal title to the instruments and the possession were in the defendant, and the supposed assignment by attorney could only give to the assignee an equitable interest in the proceeds of the notes when collected by the institution, but no right to demand the possession of the notes themselves. The assignment under the power could transfer nothing but his inter-

est as a tenant in common in the final balance of the partnership accounts when adjusted by the person entitled to administer on the partnership estate. The administrator was that person under the statute. The notes having been endorsed to the institution as collateral security, the burden of proof was thrown on the plaintiff to show that the debt had been paid off before demand was made for the notes. The fifth instruction should have been given.

II. The court erred in excluding the testimony of Cavender. (Barclay v. Globe Mutual Ins. Co. 26 Mo. 490.)

III. Even if trover could be maintained for the notes as such, no more could be recovered than the value proved. It was proven that the notes were in suit in Iowa and Illinois.

*Gardner*, for respondent.

I. The surviving partner had the right to apply the partnership assets to the payment of partnership debts prior to administration upon the partnership estate. If Koehls could have transferred the notes himself he could do it by attorney. Enslin was not appointed administrator until more than a month after plaintiff's right of action accrued. His subsequent appointment could not affect plaintiff's rights. (See 7 N. H. 567; 6 Pick. 360; 6 Cow. 441; Watson on Part. 267.) It was not necessary that Koehls should give bond as provided by the administration act.

RICHARDSON, Judge, delivered the opinion of the court.

The main questions in this case are, whether the statute regulating the administration of partnership estates (R. C. 1835, p. 121) prohibits a surviving partner from winding up and settling the partnership concerns unless he first gives bond with security for the faithful discharge of his duties; and next, whether a surviving partner, independently of the statute, has authority to pass the legal title to a partnership note when transferred in payment of a partnership debt. If the surviving partner executes a bond as provided in the fifty-fourth and fifty-fifth sections of the act, he can not be

disturbed by the personal representatives of his deceased partner in the possession of the partnership property and in the right to use it in any manner consistently with the primary duty of closing the partnership affairs. He ought to give the bond required by law whenever he undertakes to wind up the partnership estate, and, if he fails to do so for the period of thirty days after letters testamentary or of administration have been granted on the estate of the deceased partner, he is liable at any time to have the business taken out of his hands; but this power as surviving partner is not suspended until he gives a bond; nor is it superseded by the mere appointment of an administrator of the deceased partner; for the administrator as such has no right to administer upon the partnership effects without giving an additional bond. (R. C. 1855, p. 124, § 59.)

The grant of letters testamentary to Mrs. Golberg gave her no authority to interfere with the partnership property, because she did not give the further bond required by law; and though Koehls omitted to give a bond as surviving partner, his authority continued until superseded by the appointment of Enslin as administrator *de bonis non,* who gave both of the bonds required by the statute; and until he qualified all the rights of the surviving partner remained unaffected by the statute, though he did not attempt to comply with it.

The dissolution of a partnership as between the partners themselves operates as a revocation of their joint power to employ the property or funds of the partnership any longer in the business or trade thereof. As soon as the partnership ceases, the partners become tenants in common of all the partnership property and effects; and neither of them can create new contracts binding upon the partnership, nor buy or sell goods on account thereof, nor endorse or transfer the partnership securities; (McDaniel v. Wood, 7 Mo. 543; Long v. Story, 10 Mo. 636;) but each of the partners has authority to collect and pay debts, to adjust unliquidated accounts, to receive any property belonging to the firm, and to apply the partnership assets and effects to the payment of

its liabilities; for these rights and powers remain as indispensable to the final settlement of the affairs of the partnership, and are subordinate to the paramount duty of the partners to wind up the partnership concerns with diligence and in good faith for their mutual interest. The authority of one partner, which is implied from a partnership, to act for another, is revoked the moment the partnership ceases; and as the partners then become only tenants in common of the property and assets undisposed of, one of them, without the consent of the others, can not transfer the title to any of the partnership securities, and all of them must join in an action to recover any of the outstanding debts. The reason of this is not simply because one partner after a dissolution can not by his endorsement of a note create a new liability binding upon the others, but because, only having an undivided interest in a partnership note, he can not, without the consent of the other partner, transfer the title to the whole of it. When, however, a partnership is dissolved by death, although the personal representatives of the deceased partner become tenants in common with the survivor of all the partnership property and effects in possession, they do not become tenants in common of the *choses in action* belonging to the partnership, for they belong to the survivor. The legal title to them by operation of law is cast upon the survivor, and he has the exclusive right to reduce them into possession and must sue upon them in his own name without joining the representatives of the deceased partner, though he will be accountable to the partnership for whatever he collects. (Story on Part. § 346.) This is upon the principle that though chargeable as a trustee for the proceeds of partnership notes when received, the legal title to them is in the survivor; and if he has the legal title, he can transfer them, although his endorsement may not affect the estate of his deceased partner with any remote or contingent liability. It is a mere question of power.

Upon the death of Golberg, the title to the partnership notes vested in Koehls, as surviving partner, and he had the

power, before Enslin qualified, to transfer the notes in controversy to the plaintiff in payment of a partnership liability. He did not thereby impose any new obligation on the partnership, but on the contrary paid a firm debt, and reduced the partnership liabities to that extent.

The proposition contained in the fifth instruction asked by the defendant is embraced in an instruction given by the court.

The measure of damages, in an action of trover for the conversion of a *chose in action*, is, *prima facie*, the amount that appears to be due on it, subject to be reduced by proof showing that it is of less value than it calls for. (O'Don oghue v. Corby, 22 Mo. 393 ; Menkins v. Menkins, 23 Mo. 252.) The circumstance that the notes in controversy were in suit, we do not think was evidence that the makers of them were insolvent or that the principal and interest due on them would not be collected, but perhaps the reasonable expenses for collecting them ought to be deducted from any recovery against the defendant.

On the authority of Barclay v. Globe Mutual Insurance Co., 26 Mo. 490, the court improperly excluded Mr. Cavender as a witness on the ground that he was a stockholder in the defendant, and for that reason the judgment will be reversed and the cause remanded ; the other judges concur.