GOODSON, *Administratrix, Appellant,* v. GOODSON *et al.,* *Executors.*

Division Two, June 22, 1897.

1. **Effect of Demurrer.** The legal effect of a demurrer to the petition is an admission by defendant of its allegations.

2. **Partnerships:** RIGHT OF SURVIVING PARTNER. The right of the surviving partner to settle up the partnership estate existed at common law, and has never been taken away by statute; and such surviving partner has the right to settle up the partnership matters if the administrator of the individual estate of the deceased partner fails to take charge of the partnership estate according to section 60, Revised Statutes 1889. If the administratrix of the deceased partner fails to give additional bond and otherwise exercise her statutory right to take charge of the partnership assets, the assets remain in the hands of the surviving partner, and at his death in the hands of his executors.

3. ———: COMPULSORY ACCOUNTING: PROCEEDINGS IN EQUITY. By sections 57 to 63, Revised Statutes 1889, an ample and adequate remedy is afforded the administrator of the individual estate to compel the surviving partners to account for and settle the share of such deceased partner in the partnership estate. This statutory mode is not exclusive, but cogent reasons should be shown why it was not employed before plaintiffs are permitted to proceed in equity.

4. ———: ———: ———: LACHES. Plaintiff's husband died in August, 1890. She qualified as administratrix of his estate in September, 1890. The other partner died in September, 1892, and this suit in equity against his executors was brought by her in October, 1893, to compel them to account to her for the share of her deceased husband in the partnership estate; *held,* that plaintiff was guilty of *laches.*

Goodson, Adm'x, v. Goodson.

**5.** ——: ——: ——: ——: ALLEGATIONS OF FRAUD. A general allegation of fraud is not sufficient; the facts constituting the fraud should be set out and detailed in the petition. An administratrix can not excuse her laches and escape the crushing descent of a demurrer by the general averments that she was prevented from resorting to her statutory remedy to compel the surviving partner to account for her husband's share in the partnership estate, by the representations, action and fraudulent conduct of the surviving partner, without stating what the fraudulent action, representations and conduct were.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*R. S. Matthews* and *Ben Eli Guthrie* for appellant.

(1) The common law right of the surviving partner to wind up the business of a partnership is still in force in Missouri. The surviving partner is not compelled to take letters of administration upon the partnership estate to wind it up, neither is the administrator of the individual estate compelled to take letters of administration upon the partnership estate, but may permit the surviving partner without bond to wind up the business of the partnership as at common law and as in this case without prejudice to the rights of the estate of the deceased partner. *Bredow v. Mutual Savings Institution,* 28 Mo. 186; *Holman v. Nance,* 84 Mo. 674; *Crook v. Tull,* 111 Mo. 288; *Matney v. Gregg Bros.,* 19 Mo. App. 107. (2) After the assets of the partnership are administered and converted into money by the surviving partner, as in this case, the administratrix of the deceased partner has her right of action for amount due her and for an accounting. She has no other remedy and her right of recovery remains until it is barred by the statute of limitations. (3) Before an estoppel *in pais* can be pleaded or invoked, the following elements must actually or presumably be

present and shown: *First.* There must have been a false representation or a concealment of material facts. *Second.* The representations must have been made with knowledge of the facts. *Third.* The party to whom they were made must have been ignorant of the truth of the matter. *Fourth.* They must have been made with the intention that the other party should act upon them. *Fifth.* The other party must have been induced to act upon them. These elements must enter into an estoppel *in pais.* Bigelow on Estoppel [3 Ed.], p. 484; *Blodgett v. Perry,* 97 Mo. 263; *Spurlock v. Sproule,* 72 Mo. 503. (4) This is not a suit based upon fraud, deceit, and misrepresentation, but is a suit for an accounting in the settlement of a partnership. (5) Estoppel *in pais* must be pleaded by answer setting out facts constituting estoppel. Bigelow on Estoppel [2 Ed.], p. 532, and cases cited.

*Dysart & Mitchell* and *Bert D. Nortoni* for respondents.

(1) The appellant had a complete and adequate remedy at law and the statute sets out with definiteness the method of procedure and her duty where her intestate is entitled to a portion of a partnership estate and the surviving partner or partners fail to give bond and administer as required by statute. R. S. 1889, secs. 57 to 63 inclusive. (2) The appellant is guilty of gross laches as is apparent upon the face of her petition. She can not wait until a legal remedy, in every way adequate for the adjusting of her claim, is passed—such as is pointed out in the sections of the statute above quoted—deliberately wait for two years and more until death has sealed the lips of the party against whom a disputed and refused claim is sought to be obtained, and then come in and ask a court of

equity for relief. Equity demands the rigid enforcement of the rule of diligence in such cases. *Hammond v. Hopkins*, 143 U. S. 224; *Felix v. Patrick*, 145 U. S. 317; *State ex rel. v. West*, 68 Mo. 229; *Lenox v. Harrison*, 88 Mo. 496; *Gatewood v. Bolton*, 48 Mo. 78; *Reel v. Ewing*, 71 Mo. 17; *Rice v. Martin*, 8 Fed. Rep. 476. (3) In order to escape want of diligence and the rule of laches, the petition aims to charge fraud against John E. Goodson, Sr. The petition does not properly plead fraud. It nowhere sets out or pretends to set out what the fraudulent "representations, actions and conduct" of John E. Goodson were, nor is it anywhere stated when such were made. *Reed v. Bott*, 100 Mo. 62; Bliss on Code Plead. [2 Ed.], sec. 211; *Smith v. Sims*, 77 Mo. 269; McQuillin's Plead. and Prac., p. 321, sec. 322.

BURGESS, J.—This was a bill filed in the circuit court of Macon county by plaintiff as administratrix of John Goodson, Jr., against defendants as executors of John E. Goodson, Sr., for an accounting and settlement of the partnership alleged to have existed between said John E. Goodson, Sr., and John E. Goodson, Jr., in the publication of a newspaper called *The Messenger of Peace.*

The petition, leaving off the formal parts, is as follows:

"Plaintiff for cause of action states that John E. Goodson, Jr., and John E. Goodson, Sr., on or about the ——— day of November, 1878, formed a copartnership for the purpose of carrying on the business of editing and publishing a semi-monthly newspaper in the interest of the Baptist church, called *The Messenger of Peace*, published and printed at Macon, Missouri; that the conditions of said partnership were that each mem-

ber should give his time and attention to the business of said partnership, and that each partner should bear the expenses equally of said partnership and share equally the profits of the same, or, in other words, were equal partners in said partnership business of editing and publishing said newspaper. That the said copartnership business was entered upon pursuant to said agreement and continued to the time of the death of the said John E. Goodson, Jr., which occurred on the nineteenth day of August, 1890, at Macon county, Missouri. That at the time of the death of the said John E. Goodson, Jr., there was on hand partnership property purchased with partnership earnings and belongings to said partners and partnership, a large amount of personal property, consisting of office furniture of the value of $100, blank paper of the value of $150, type, galleys, mailing appliances and such other materials as is used in printing a paper, all of the value of $200. That at the time of the death of the said John E. Goodson, Jr., there were upon the books of the firm of said partnership subscription accounts for said newspaper, past due from various parties unknown to this plaintiff, to the amount of $4,000 or more, of which amount $2,000 or more were solvent and collectible; that at the time of the death of the said John E. Goodson, Jr., he was the owner of the one half interest in all the personal property, accounts, and effects aforesaid belonging to said firm or copartnership. That at the time of the death of the said John E. Goodson, Jr., the aforesaid newspaper had a large circulation of near three thousand copies at the price and sum of $1.50 per copy, which yielded to the publishers a large profit; that the subscription list and good will of said paper at the time of the death of John E. Goodson, Jr., was valuable and worth $1,000 or more. That as aforesaid, on the nineteenth day of August, 1890, the said John

E. Goodson, Jr., died intestate at Macon county, Missouri, and that on the ——— day of ———, 1890, letters of administration upon the estate of the said John E. Goodson, Jr., deceased, were issued and granted to this plaintiff by the probate court of Macon county, Missouri, appointing this plaintiff administratrix of all the goods, chattels, and credits which were of said deceased, and that this plaintiff thereupon duly qualified as such administratrix and entered upon the discharge of the duties of her said office, and is now acting as such administratrix.

"The plaintiff further states that immediately after the death of John E. Goodson, Jr., John E. Goodson, Sr., as surviving partner, took complete control of the aforesaid partnership property, accounts, and effects and proceeded at once to collect the outstanding accounts and to sell the property aforesaid belonging to said partnership firm, and did sell all the partnership effects and collect the accounts aforesaid and dispose of said paper, its good will and subscription lists, and in all things did wind up said partnership estate without taking letters upon the same from the probate court, or giving bond as such surviving partner. That the said John E. Goodson, Sr., in his lifetime, after he had sold said partnership property and disposed of said newspaper and its subscription lists and collected the outstanding accounts of said firm, wholly neglected and refused to pay this plaintiff as administratrix of the estate of John E. Goodson, Jr., the half or any other part of the money and assets arising from said partnership estate which was fully administered and assets all converted into money in the lifetime of John E. Goodson, Sr., and by him. And plaintiff further alleges that said John E. Goodson, Sr., has at all times failed to make and state any account of the property belonging to said partnership,

and of his administration of the same, but has by
every means and from time to time put off and delayed
the claim, and has fraudulently concealed from plain-
tiff his intention and purpose not to settle said partner-
ship matters with her, as administratrix of the said
John E. Goodson, Jr., and that when the said John
E. Goodson, Sr., learned that plaintiff intended to
proceed at law and equity to make him account for all
of said property and settle said partnership with her,
the said John E. Goodson, Sr., then and there by his
representations, actions, and conduct fraudulently in-
duced plaintiff to believe that he fully intended to set-
tle the same and to make the estate of the said John
E. Goodson, Jr., full reparation and recompense for
all the property of said estate in and to said partner-
ship, and that plaintiff fully relying upon the said
representations and conduct and actions of said John
E. Goodson, Sr., in the premises delayed from time to
time and waited upon the said Goodson to make said
settlement and turn over to the said estate whatever
was due it from said partnership or otherwise, and
was to compensate said estate for what was due and
belonging to it from said partnership; and the plain-
tiff now avers that the said conduct and actions of the
said John E. Goodson, Sr., whether so intended or
not, caused her to delay action that she would have
taken to secure said interest of said partnership in
said estate, and that she now believes that said repre-
sentations, actions, and conduct of the said John E.
Goodson, Sr., were made with a view to delaying and
hindering her in her said actions against him, and the
said Goodson, as she now believes and is informed,
undertook to convert all the proceeds of said partner-
ship to his own use, which this plaintiff avers is against
equity and good conscience and ought not to be
allowed and suffered. That after the death of said

John E. Goodson, Sr., these defendants, his executors, have refused to account to plaintiff for said interest of the said John E. Goodson, Jr., in and to said partnership but have converted all said moneys to the use of the estate of the said John E. Goodson, Sr., and have ignored all right and claim of the said John E. Goodson, Jr., although they, as said executors, received for the said John E. Goodson, Sr., all the proceeds of the said partnership. The plaintiff further states that the said John E. Goodson, Sr., died on —— day of September, 1892, at Macon county, Missouri, leaving a will by which the defendants were appointed the sole executors thereof; that on the —— day of ——, A. D. 1892, said will was duly proved and admitted to probate in the office of the probate court of Macon county, Missouri, and letters testamentary thereupon were therefore duly issued and granted to these defendants as executors by the probate court of said county, and said executors have duly qualified and entered upon the discharge of the duties of their office and are now acting as such executors.

"The plaintiff further states that the said partnership owed no debts at the time of the death of John E. Goodson, Jr., and none were paid by John E. Goodson, Sr., as surviving partner after the death of John E. Goodson, Jr., as aforesaid, and there are no outstanding debts owing by the partnership aforesaid and that there are no assets belonging to said partnership other than the money arising from the assets sold by John E. Goodson, Sr., the surviving partner, and the moneys arising from the accounts collected, all of which is in the hands of these defendants as the executors of the said John E. Goodson, Sr., deceased. Plaintiff further states that on the 1st day of June, 1893, she began a suit at law against the defendants as such executors in the probate court of Macon

county, Missouri, for the one half of the amounts realized by the said John E. Goodson, Sr., as surviving partner, from the sale of the aforesaid partnership property and accounts collected, whereupon defendants denied upon oath the existence of said partnership, and upon trial of said cause in probate court plaintiff recovered judgment for the same, whereupon defendants appealed said cause to the circuit court of Macon county and therein filed motion to dismiss said cause upon the grounds that the probate court had no jurisdiction to hear and determine said cause, whereupon said circuit court sustained said motion and dismissed said cause for want of jurisdiction of probate court to hear and try the same; that all the partnership effects as aforesaid were converted into money by the said John E. Goodson, Sr., in his lifetime as the surviving partner, wherefore this plaintiff has no adequate remedy at law by which she can recover and protect the estate of her said intestate. Therefore this plaintiff prays the court that the defendants be compelled to answer and make an accounting for all moneys received by their testator from the sale of aforesaid partnership property and show how much their said testator collected on the book accounts aforesaid and account for the same and that judgment be rendered against the defendants as executors of the estate of John E. Goodson, Sr., for the amount found due the estate of John E. Goodson, Jr., in the hands of John E. Goodson, Sr., at the time of the death of the said John E. Goodson, Sr., and for all other proper relief, judgments, decrees, and orders.''

Defendants demurred to the petition for the following grounds of objection: "*First*, because said petition fails to state facts sufficient to constitute a cause of action; *second*, because all of that part of plaintiff's petition which attempts to charge fraud against Dr. J. E.

Goodson, Sr., is insufficient and fails to state facts sufficient to constitute a cause of action; *third,* because no fraud is stated in said petition; *fourth,* because it is patent on the face of plaintiff's petition that she has no standing in equity nor law."

The demurrer was sustained and plaintiff declining to plead further, final judgment was rendered on the demurrer from which she appeals.

The legal effect of the demurrer to the petition is the admission upon the part of the defendants of the allegations in the petition that their testator, John E. Goodson, Sr., and John E. Goodson, Jr., were copartners in the publication of the newspaper *The Messenger of Peace* prior to and at the time of the death of said John E. Goodson, Jr., and that there has been no settlement made of the partnership accounts. The right of the surviving partner to settle up the partnership estate, in the absence of the exercise of the right under the statute by the administrator of the estate of the deceased partner to take charge of it (R. S., sec. 60), in no way depends upon his compliance with the provisions of section 56, Revised Statutes 1889, which provides that he shall administer the effects of the estate by giving bond, etc., as the right of the surviving partner to settle up the partnership estate existed at common law, and has never been taken away by statute. *Bredow v. The Mutual Savings Institution,* 28 Mo. 181. In *Holman v. Nance,* 84 Mo. 678, it is said: "The failure of the defendents as surviving partners to give bond and qualify under the statute as administrators of the partnership assets, only subjected them to the contingency of being deprived of such assets by the administrator of the individual estate of the deceased partner coming forward and giving additional bond, with the view of taking them in charge. If the administrator of the individual estate fails to qualify as

administrator of the partnership estate, the assets must necessarily remain in the hands of the surviving partners. As such they are proprietors for the use of the partnership, and have the common law authority to devote them to the payment of the partnership debts. The provisions of the statute were not intended to withhold from them this common law right, unless the administrator of the deceased partner qualified himself to take charge of the partnership assets." *Crook v. Tull*, 111 Mo. 283.

But it does not follow from what has been said that the petition states a cause of action, even though it be admitted that John E. Goodson, Sr., and John E. Goodson, Jr., were copartners as alleged in the petition and that John E., Sr., failed and refused to account to plaintiff for his intestate's interest in said partnership.

Under the provisions of section 57 to 63, inclusive, Revised Statutes 1889, a method of procedure is provided by which an administrator upon the personal estate of a deceased partner may, by complying with those provisions, compel the surviving partner in charge of the partnership assets, to turn over to such administrator on demand, all the property of such partnership, including their books and papers, and all necessary documents pertaining to the same, thus affording the administrator of the personal estate of the deceased partner an ample and adequate remedy for an accounting and settlement of the partnership estate. But plaintiff failed to avail herself of this statutory remedy, and while we do not wish to be understood as holding that the mode provided by statute is exclusive under all circumstances, there ought to appear some very cogent reason why it should not be so held before the administrator of the personal estate of the deceased partner should be permitted to proceed in equity to compel an accounting and settlement of the partnership; and especially

when the lapse of time from the dissolution of the partnership, by the death of John E. Goodson, Jr., on the nineteenth day of August, 1890; that letters of administration were granted plaintiff upon his estate on the fifth day of September, 1890; and the death of the surviving partner, John E. Goodson, Sr., which occurred in September, 1892; and the further facts that this suit was not begun until the twenty-eighth day of October, 1893, more than three years after the death of John E. Goodson, Jr., and more than one year after the death of John E. Goodson, Sr., are taken into consideration. As was said in *State ex rel. v. West*, 68 Mo. 232. "Under such circumstances, the laches must, of itself, be held fatal, for it would be to assert a doctrine to the least hazardous to say that a complainant, with full knowledge of all the facts on which he relies, can lie quietly by until death comes to his assistance and puts the seal of perpetual silence upon the lips of his adversary." *Lenox v. Harrison*, 88 Mo. *loc. cit.* 496. In *Hammond v. Hopkins*, 143 U. S. 224, it was said: "Where the seal of death has closed the lips of those whose character is involved, and lapse of time has impaired the recollection of transactions and obscured their details, the welfare of society demands the rigid enforcement of the rule of diligence. The hour glass must supply the ravages of the scythe, and those who have slept upon their rights must be remitted to the repose from which they should not have been aroused."

It is apparent from the allegations in the petition that plaintiff was remiss in her duties and guilty of laches as administratrix of the personal estate of John E. Goodson, Jr., in not qualifying so as to entitle her to the possession of the partnership property, and then proceeding against the surviving partner under the statute for its possession, but for this laches she under-

takes to excuse herself, and escape its consequences by alleging that she was prevented from proceeding under the statute promptly against John E. Goodson, Sr., by reason of his representations, action and fraudulent conduct by which she was fraudulently induced to believe that he fully intended to settle with her; but it is not alleged what the fraudulent representations, actions or conduct were. "A general allegation of fraud is not sufficient; the facts constituting the fraud should be set out and detailed in the petition." *Reed v. Bott*, 100 Mo. 66; Bliss on Code Plead. [2 Ed.], sec. 211; *Smith v. Sims*, 77 Mo. 269; *Nichols v. Stevens*, 123 Mo. 96.

As the petition shows upon its face that plaintiff was guilty of laches in not proceeding against the surviving partner without any just cause or excuse therefor, it states no cause of action.

The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.