# OTTO F. STIFEL'S UNION BREWING COMPANY, Plaintiff in Error, v. JULIUS W. WEBER et al., Defendants in Error.

St. Louis Court of Appeals, June 6, 1916.

1. **FRAUDULENT CONVEYANCES: Equitable Garnishment: Pleading: Sufficiency of Petition: Misjoinder of Parties: Multifariousness.** A petition, in an action to subject funds of a judgment debtor to an equitable garnishment, alleged that the debtor and his wife, with intent to hinder, defraud and delay his creditors, pretended to convey his undivided one-fifth interest in certain real estate to a third person, by a quit-claim deed, for a pretended consideration; that such third person simultaneously executed and delivered to the debtor a quit-claim deed, by which he pretended to convey the property to the debtor's wife, which latter deed was not recorded until several years had elapsed; that, shortly after said deed was recorded, the debtor and his wife instituted a partition suit, and the court appointed a commissioner to sell the land; that the commissioner's sale was approved by the court and one-fifth of the net proceeds were ordered paid to the debtor's wife; that, prior to the making of such order, the commissioner, through the importunity of the debtor and in furtherance of the latter's intention to hinder and delay plaintiff in the collection of his judgment, was induced to pay said sum to the debtor's wife, which payment was made without lawful authority; and that said payment was made to the debtor's wife and was held by her for the use of the debtor. *Held*, that the petition states a cause of action against the debtor and his wife for fraudulently transferring his property; *held, further*, that it does not state a cause of action against the commissioner, when its ultimate aim is considered, for the reason that it alleges that no funds were in his hands when the suit was filed, and for the further reason that no fraudulent conduct on his part is charged; *held, further*, that, at most, the petition attempts to state, as against the commissioner, a cause of action at law for a breach of duty in paying the moneys to the debtor's wife before an order of distribution was made; and hence it is *held*, that the petition is demurrable as to the commissioner for the reason it states no cause of action in equity against him, and is demurrable as to the debtor and his wife because of the misjoinder of defendants, and because it is *multifarious, in that distinct and separate matters, each of which would constitute a cause of action, are joined.*

2. **CREDITORS' BILL: Equitable Garnishment: Custody of Funds.** A creditors' bill, in the nature of an equitable garnishment, is not

maintainable against one who parted with the debtor's fund prior to the institution of the suit.

3. **FRAUD AND DECEIT: Pleading: Specifications of Fraud.** A general allegation of fraud is not sufficient, but the facts constituting the fraud should be set out in detail in the pleading.

4. **PARTITION: Breach of Duty by Commissioner: Ratification.** The order of distribution entered by a court in partition proceedings could not be treated as a ratification of the commissioner's breach of duty in paying over to a party, prior to the making of the order, funds received for the sale of the land, where, the day before the order of distribution was made, a judgment creditor of a party to the partition suit filed a creditor's bill in the nature of an equitable garnishment of funds of the judgment debtor in the hands of the commissioner.

5. **PLEADING: Multifariousness.** A petition which counts on a cause of action at law against one defendant and a separate cause of action in equity against other defendants is demurrable on the ground of multifariousness; "multifariousness" consisting of the joining in one petition of distinct and independent matters, each of which would constitute a cause of action.

6. ————: **Parties: Misjoinder.** Although a petition states a cause of action against some of the defendants, it is demurrable as to them, on the ground of misjoinder of parties, if it attempts to state another cause of action as to another defendant.

Error to St. Louis City Circuit Court.—*Hon. Rhodes E. Cave*, Judge.

AFFIRMED.

*Henry E. Haas* and *Lubke & Lubke* for plaintiff in error.

(1) The defendant George W. Strodtman, being an agent of the law, was not subject to the ordinary process of garnishment prior to an order of distribution. 14 Amer. & Eng. Ency. of Law (2 Ed.), 806 and 817; Rood on Garnishment, secs. 27 and 32; 2 Shinn on Attachment and Garnishment, sec. 505; Fearing v. Shafner, 62 Miss. 791; Boylan v. Hines, 62 W. Va. 486; Curling & Robertson v. Hyde, 10 Mo. 374; Richards v. Griggs, 16 Mo. 416; State ex rel. v. Netherton, 26 Mo. App. 414; Bank of Odessa v. Barnett, 98 Mo. App. 477; In re Cunningham, 9 Central Law Journal, 208.

(2) Where it is sought to reach funds which are not subject to the ordinary process of garnishment, a creditor's bill in the nature of an equitable garnishment is the proper remedy; unless the same is forbidden by some positive law. Rood on Garnishment , sec. 30; Weaver v. Cressman, 21 Neb. 675; Whitehead v. Coleman, 31 Grat. 784; Langdon v. Lockett, 6 Ala. 727; Ager v. Murray, 105 U. S. 126; Pendleton v. Perkins, 49 Mo. 565; Luthy v. Woods, 1 Mo. App. 167; Furlong v. Thomssen, 19 Mo. App. 364, 367; Pickens v. Dorris, 20 Mo. App. 1; St. Louis v. Keane, 27 Mo. App. 642; Ault v. Eller, 38 Mo. App. 598; Iron Co. v. McDonald, 61 Mo. App. 559; Webb & Co. v. Lumber Co., 68 Mo. App. 546, 555; Burnham, Munger & Co. v. Smith, 82 Mo. App. 35; Ball v. Cotton Press Co., 141 Mo. App. 26, 46; Heaton v. Dickson and Trust Co., 153 Mo. App. 312; DeField v. Dredge Co., 180 Mo. App. 563. There is no statute in Missouri which forbids a special commissioner appointed to make a sale of land in a partition suit being summoned as a garnishee in an equitable proceeding. The statute forbidding certain agents of the law from being summoned as garnishees does not expressly or impliedly include a special commissioner. Sec. 2415, R. S. 1909. (3) Moreover, land is not the subject of garnishment and even though the land has been sold and converted into cash, the money realized from the sale is treated as realty and not personalty in respect to rules of law governing its disposition. It remains real estate in the hands of the person holding it to be disposed of according to the law of real property and this can only be done in a court of equity. 14 Amer. & Ency. of Law (2 Ed.), 792; 20 Cyc. 990; 2 Shinn on Attachment and Garnishment, secs. 468 and 588; Huffard v. Gottberg, 54 Mo. 271; Kreyling v. O'-Reilly, 97 Mo. App. 384; Eubank v. Finnell, 118 Mo. App. 535, 542. (4) Even if the plaintiff had a remedy at law, as erroneously supposed by the trial court, this did not preclude plaintiff from proceeding in a court of equity. Leading text writers and courts of the highest respectability are agreed that the remedies at

law and in equity are concurrent and that a creditor has a right to elect in which forum he will proceed. 1 Pomeroy's Equity Jurisprudence (3 Ed.), secs. 182, 276 and 279; Bump on Fraudulent Conveyances (4 Ed.), secs. 530, 531 and 532; Wait on Fraudulent Conveyances and Creditors' Bills (3 Ed.), secs. 51 and 60; 2 Moore on Fraudulent Conveyances, p. 758; Anderson v. Provident Life and Trust Co., 25 Wash. 20, 26; Payne v. Bullard, 23 Miss. 88; King v. Payan, 18 Ark. 583; Sheppard v. Iverson, 12 Ala. 97. Thus, in Missouri, it has been held by a long line of decisions that where a judgment debtor fraudulently conveys his property with a design to hinder, delay and defraud his creditors, a court of equity will grant relief notwithstanding the creditor has a remedy at law by sale under execution, since the transfer is void both at law and in equity. Indeed, the proceeding in equity is declared to be the better practice. Welch v. Mann, 193 Mo. 304, 326; Central National Bank v. Doran, 109 Mo. 40; State ex rel. Mastin v. McBride, 105 Mo. 265, 270; Lionberger v. Baker, 88 Mo. 447; Zoll v. Soper, 75 Mo. 460; Bobb v. Woodward, 50 Mo. 95, 102. Besides, a proceeding in equity is especially declared to be proper where the legal remedy is not so full or complete, and it has been held that the remedy by garnishment is not so full and complete as a proceeding in chancery. Mann v. Appel, 31 Fed. 378; Phillips v. Wesson, 16 Ga. 137; Railroad v. Phillips, 64 Miss. 108; Pickel v. Pickel, 243 Mo. 641; 2 Moore on Fraudulent Conveyances, p. 758. (5) Plaintiff's amended petition is not subject to the objection that it is multifarious. The terms "multifarious" as used in equity pleading and the term "misjoinder" as used under the code are said to be synonymous. And where the plaintiff bases his claim to equitable relief against several defendants, on one general right, the petition is not demurrable for multifariousness, although the defendants may each have separate and distinct defenses. This rule has been applied particularly to cases like the one at bar where the plaintiff seeks to have certain conveyances set aside as being in fraud of creditors

and to subject the proceeds to the satisfaction of plaintiff's claim. In such a case it is said that all of the defendants through whom the chain of title passed are implicated in different degrees and proportions and, therefore, are properly joined as defendants. Donovan v. Dunning, 69 Mo. 436; Bobb v. Bobb, 76 Mo. 419; Rinehart v. Long, 95 Mo. 396; Bliss on Code Pleading, secs. 110a., 289 and 290; McQuillin's Missouri Practice, sec. 189; Pattison's Code Pleading, sec. 258. Furthermore, the statute expressly provides that the plaintiff "may unite in the same petition several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, where they all arise out of the same transaction or transactions connected with the same subject of action." R. S. 1909, sec. 1795; Bliss on Code Pleading, sec. 289.

*Muench, Walther & Muench* for defendants in error.

(1) Regardless of the theory upon which the demurrers of the various defendants may have been sustained, if they were properly sustained upon any of the grounds alleged, the judgment of the trial court must be affirmed. Barr v. Hays, 172 Mo. App. 591, 598; Hawman v. McLean, 139 Mo. App. 429, 432; Whitsett v. Bank, 138 Mo. App. 81, 87; Sessinghaus v. Knoche, 137 Mo. App. 323, 331 and cases cited; State ex rel. v. Thomas, 245 Mo. 65, 73; Williams v. Railroad, 233 Mo. 666; Crawford v. Kansas City Stock Yds. Co., 215 Mo. 394, 402. (2) The second amended petition, in seeking to set up a cause of action against the defendants Weber, for the setting aside of a fraudulent conveyance, with an equitable garnishment of the defendant Strodtman and cause of action against the defendant Strodtman, for exceeding his authority in paying over defendant Louise Weber's share of the proceeds of the partition sale, before the order of distribution had been entered, was clearly open to the objection of multifariousness. McGlothlin, Adm'r v. Hemery et al., 44 Mo. 350, 355; Jones v. Paul, 9 Mo. 293, 296; Robinson v. Rice, 20 Mo. 229, 234; Bobb v.

Woodward, 42 Mo. 482, 488; Tucker v. Tucker, 29 Mo. 350, 355; Doan v. Holly, 25 Mo. 357, 359. (3) If, as indicated, the demurrers were sustained on the ground that the plaintiff should have properly proceeded by way of garnishment, the court's action was fully warranted. Potter v. Trust Co., 170 Mo. App. 108, and numerous cases cited on page 120; McDaniel v. Bryan, 123 Mo. App. 640, 643; (4) Since plaintiff in error's petition itself contained an allegation that, at the time its suit was filed, defendant in error Strodtman had already paid over any money theretofore in his hands, which might have been held to be the property of defendant in error Weber, there was nothing left, which could have been the subject of either a legal or an equitable garnishment. Potter v. Trust Co., 170 Mo. App. 108, 122.

STATEMENT.—Plaintiff prosecutes this appeal from a judgment against it on demurrer to the bill. The bill so demurred to is as follows:

"By leave of court first had and obtained, plaintiff files this its second amended petition and for cause of action against the defendants plaintiff states that it is a corporation duly organized under the laws of the State of Missouri and was originally incorporated under the name of Union Brewing Company and that thereafter according to law, after the twenty-seventh day of August, 1907, its name was changed to Otto F. Stifel's Union Brewing Company; that heretofore long prior to the 28th day of December, 1906, plaintiff and the defendant Julius W. Weber had mutual dealings with each other in which said Julius W. Weber became and, both before and after the 28th day of December, 1906, was indebted to plaintiff in various sums; that thereafter plaintiff under its then name of Union Brewing Company instituted suits against said Julius W. Weber before Louis C. Spies, Justice of the Peace for the First District of said city and State and thereafter on the 27th day of August, 1907, before said justice of the peace recovered judgments against said Julius W. Weber in said suits, one for the sum of $440 and costs and the other for the

sum of $403.10 and costs, transcripts of which plaintiff thereafter filed in the office of the clerk of the circuit court of said city, which said transcripts are numbered 14845 and 14846 respectively; that said judgments are both final and unappealed from and that although plaintiff has endeavored to compel the payment of the same by levy under execution, said judgments remain and are now wholly unsatisfied.

"Plaintiff further states that while said indebtedness from said Julius W. Weber to the plaintiff was accruing, said defendant was the owner in fee simple and free of encumbrance of an undivided one-fifth interest in and to the following described real estate situated in block number 1932 of said city of St. Louis, Missouri, namely: A lot beginning at the southwest corner of Second street and Bremen avenue, thence running westwardly along the south line of Bremen avenue thirty-two feet to a point; thence running southwardly and parallel to the west line of Second street one hundred feet to a point in the northern line of lot number 10 of block number 1 of McGuire's Second Addition, thence running eastwardly thirty-two feet to the west line of Second street, thence northwardly along the west line of Second street one hundred feet to the point of beginning; that on said 28th day of December, 1906, said Julius W. Weber and the defendant Louise Weber, his wife, with the intent to hinder, defraud and delay the creditors of said Julius W. Weber in the collection and enforcement of their just demands against him, the said Julius W. Weber, and particularly the plaintiff, by their deed of quit-claim of said date and thereafter recorded on the 3rd day of January, 1907, in book 1973 of the recorder's office of said city, for a pretended consideration of two thousand dollars pretended to convey said real estate to the defendant Charles O. Weber; that in truth and fact no consideration passed from said Charles O. Weber to said Julius W. Weber for said pretended conveyance and that said conveyance was intended by the parties thereto only to vest the title to said real estate in the defendant Charles O. Weber for the use and benefit of and secret

trust for the defendant Julius W. Weber and that after said conveyance was recorded said defendant Charles O. Weber held whatever title was conveyed thereby to him in trust for and for the use and benefit of said Julius W. Weber and for the purpose of preventing the creditors of said Julius W. Weber, particularly the plaintiff, from levying upon said property, executions to collect judgments obtained by them against him.

"Plaintiff further states that contemporaneously with the execution and delivery of said deed of quit-claim, and in pursuance of the purpose and intent of said Julius W. Weber to hinder and delay and defraud his creditors, said defendant Charles O. Weber, together with Mary Weber, his wife, executed and delivered to the defendant Julius W. Weber a quit-claim deed by which they pretended to convey said real estate to the defendant Louise Weber; that the consideration mentioned in said last named deed was the sum of one dollar, but that in truth and fact no consideration therefor passed from said Louise Weber to said Charles O. Weber; that said deed last mentioned is also dated on said 28th day of December, 1906; that both said deed and said quit-claim deed by which said Julius W. Weber pretended to convey said real estate to said Charles O. Weber were acknowledged before William H. Hauschulte as notary public.

"Plaintiff further states that said deed of quit-claim from the defendant Charles O. Weber and his wife to the defendant Louise Weber although delivered to the defendant Julius W. Weber was not recorded at the time it was delivered, but was withheld from record until the 9th day of June, 1911, nearly four and a half years after its execution and delivery, and that it was then recorded in book 2444 at page 426 of the recorder's office of said city; that the withholding of said deed from record was also a part of the fraudulent purpose and intent of Julius W. Weber aforesaid by which he was attempting to hinder and delay his creditors, particularly the plaintiff, in the enforcement of their just claims against him; that shortly after said 9th day of June, 1911, the defend-

ant Louise Weber instituted suit together with said Julius W. Weber in the circuit court of the city of St. Louis, Missouri, to partition said real estate and to have the same sold for the purpose of dividing the proceeds thereof; that said suit was at the commencement of this suit pending and was known as number 73160-A, division 5, in the records of said court; that in said suit judgment of partition was heretofore entered on the 9th day of February, 1912, and an order of sale, and that pursuant to said order of sale the defendant George W. Strodtman was appointed special commissioner to sell said real estate and thereafter on the 18th day of March, 1912, sold the same for the sum of fifty-three hundred and fifty dollars; that said sale was thereafter approved by said court and said special commissioner delivered his deed conveying said property and collected from the purchaser said sum; that thereafter said special commissioner made his report to said court showing said facts and that said court thereafter, on April 16, 1912, entered final judgment in said cause, together with an order of distribution, and that by said order of distribution, when entered, said George W. Strodtman as special commissioner was ordered and directed to pay to the defendant Louise Weber as representing said one-fifth interest in said real estate owned by the defendant Julius W. Weber and held for him in secret trust first by said Charles O. Weber and afterwards by the defendant Louise Weber, the sum of $980.07; that prior to the time said order of distribution was entered, on to-wit, April 11, 1912, said Geroge W. Strodtman, through the importunity of said Julius W. Weber and in furtherance of said intention on the part of said Julius W. Weber and Louise Weber to hinder and delay plaintiff in the collection of its said judgments, was induced to pay over to and did pay over to said Louise Weber for said Julius W. Weber, said sum, and that said Louise Weber now has said sum and now holds the same subject to the order of said Julius W. Weber and said George W. Strodtman; that the payment by said Strodtman of said sum to said Louise Weber, as aforesaid, was made by him wholly without

lawful authority to do so and that thereby said defendant became liable to plaintiff for said sum.

"Plaintiff further states that said ,sum so ordered paid by said court by said special commissioner to said Louise Weber and so paid by him to her was in fact paid to her for the said defendant Julius W. Weber; that said Julius W. Weber and Louise Weber are both insolvent and have no property other than said sum so ordered to be paid to them as aforesaid and paid as aforesaid and that unless said sum is reached by the order of this court and applied to the payment of said judgments the plaintiff will be unable to have said judgments satisfied and that plaintiff is, therefore, without remedy at law in the premises.

"WHEREFORE, plaintiff prays the judgment and decree of this court that the deeds aforesaid shall be declared fraudulent as to the plaintiff and that the same shall be declared null and void and set aside and that the proceeds of the sale of said undivided one-fifth interest in said real estate attempted to be conveyed by said deeds be declared to be the property of the defendant Julius W. Weber and that an account be taken to ascertain the sum due to plaintiff on account of said judgments, and said portion of said proceeds of said sale be ordered applied to the payment of the judgments aforesaid; that in the meantime defendants Julius W. Weber and Louise Weber be enjoined and restrained from using, dissipating or in any wise disposing of said sum of money, or any part thereof, and that in the event said Julius W. Weber and Louise Weber shall in the meantime have disposed of said sum, plaintiff have judgment against said Julius W. Weber, Louise Weber and said George W. Strodtman for the amount thereof, and that plaintiff have all other and further judgments, decrees and relief from the court to which in the premises it may be entitled, together with judgment for its costs herein expended."

NORTONI, J. (after stating the facts).—This is a creditor's bill as for an equitable garnishment of funds of the judgment debtor, defendant Julius W. Weber, in

the hands of defendant George W. Strodtman, commissioner, appointed by the court in the partition proceedings. The demurrer of each of the defendants was properly sustained.

The demurrer of defendant Strodtman was properly sustained, for that no fraud whatever or other grounds of equitable cognizance were averred against him; the allegations as to him amounting to no more than stating a case for a breach of duty at law.

The demurrer of each of the other defendants was properly sustained because the bill is multifarious and also for misjoinder of parties defendant.

It is clear from the facts stated in the bill that no funds of Julius W. Weber whatever were in the hands of defendant Strodtman, the commissioner in partition, at the time the bill was filed on April 15, for it avers he had paid the funds over to Louise Weber for Julius W. Weber some three or four days before—that is, April 11. The ultimate purpose of the bill is to impound the funds in the hands of the commissioner for the benefit of plaintiff, the judgment creditor of Julius W. Weber. It is true the bill states a cause of action against Julius W. Weber and Louise Weber, to the effect that they had connived in transferring the property to fraudulently hinder and defraud and delay the creditors of Julius W. Weber, and especially this plaintiff, but there is no averment in the bill of any fact which even intimates that defendant George W. Strodtman was a party to this fraud. Indeed, so much seems to be conceded. However, though there is no averment of a conspiracy, it is argued that defendant George W. Strodtman, as special commissioner in the partition suit, is shown to have fraudulently connived with the Webers in paying the money over to Louise Weber on April 11—that is, four days before the bill was filed, to-wit, April 15. The averments relied upon in respect of this matter are as follows:

"'That thereafter said special commissioner made his report to said court showing said facts and that said court thereafter, on April 16, 1912, entered final judgment in said cause, together with an order of distribu-

tion, and that by said order of distribution, when entered, said George W. Strodtman as special commissioner was ordered and directed to pay to the defendant Louise Weber as representing said one-fifth interest in said real estate owned by the defendant Julius W. Weber and held for him in secret trust first by said Charles O. Weber and afterwards by the defendant Louise Weber, the sum of $980.07; that prior to the time said order of distribution was entered, on to-wit, April 11, 1912, said George W. Strodtman, through the importunity of said Julius W. Weber and in furtherance of said intention on the part of said Julius W. Weber and Louise Weber to hinder and delay plaintiff in the collection of its said judgments, was induced to pay over to and did pay over to said Louise Weber for said Julius W. Weber, said sum, and that said Louise Weber now has said sum and now holds the same subject to the order of said Julius W. Weber and said George W. Strodtman; that the payment by said Strodtman of said sum to said Louise Weber, as aforesaid, was made by him wholly without lawful authority to do so and that thereby said defendant became liable to plaintiff for said sum.''

Obviously this reveals no charge of fraud on the part of George W. Strodtman, for that it is essential the pleading shall state the facts which constitute the fraud relied upon. In other words, as said by our Supreme Court in Goodson v. Goodson, 140 Mo. 206, 218, 41 S. W. 737, ''A general allegation of fraud is not sufficient; the facts constituting the fraud should be set out and detailed in the petition.'' Here, the bill at most avers that George W. Strodtman, through the importunities of said Julius W. Weber, and in furtherance of said intention on the part of said Julius W. Weber and Louise Weber to hinder and delay plaintiff in the collection of its said judgment, was induced to pay over, etc. Though the bill charges that Strodtman, through the importunity of Julius W. Weber and in furtherance of said intention on the part of Weber to hinder and delay collection of plaintiff's debt, was induced to pay the money over to Louise Weber, it does not aver that Strodtman intended a fraud

nor any facts tending to show that he culpably partici-
pated in one. At most, it is averred that he was impor-
tuned and, through such importuning, induced to pay the
money over to Louise Weber in furtherance of the inten-
tion of Julius W. Weber (and not of his own intention)
to defraud the plaintiff. This does not amount to a
charge of fraud against Strodtman.

Subsequently, in the same paragraph, it is averred
that the moneys were paid over by Strodtman to Louise
Weber "wholly without lawful authority to do so." At
most this amounts to a breach of duty on his part in the
partition proceeding and if plaintiff suffered loss thereby
it may be he could pursue Strodtman at law therefor.
Of course, the order of distribution entered by the court
on the 16th day of April may not be treated as a ratifi-
cation of the breach of duty by Strodtman, for the reason
the bill was filed April 15—that is, the day before the
order of distribution was made. If, therefore, Strodt-
man breached his duty in the premises so as to entail
a loss upon plaintiff thereby, it may be he would be an-
swerable at law to plaintiff. However, on this we give
no opinion, for the question is beside the matter in judg-
ment here. Be this as it may, there is no cause of action
stated against Strodtman when the ultimate aim of the
bill is considered, for two reasons to be treated together:
First, it appears from the averments, the fund was not
in Strodtman's hands at the time the bill was filed; and
second, no fraudulent conduct whatever is charged
against him, to the effect that he paid it over to Louise
Weber through a conspiracy or in connivance with the
Webers to defeat plaintiff's right. This being true, at
most the bill attempts to state a cause of action at law
for a breach of duty in paying the moneys to Louise
Weber before an order for distribution is made. Mani-
festly this renders the bill multifarious. Multifarious-
ness, it is said, is the joining in one petition of distinct
and independent matters, each of which would constitute
a cause of action. [See McGlothlin v. Hemery, 44 Mo.
350, 355.]

The demurrer was, therefore, properly sustained as to defendant Strodtman, because the bill stated no cause of action in equity against him, but rather, if any, one at law. The demurrer was properly sustained as to each of the other defendants because of the multifariousness of the bill and their misjoinder with Strodtman as defendants therein.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.