## CROOK *et al.* v. TULL *et al.*, *Appellants.*

### Division Two, July 1, 1892.

111  283
114  567
|111  283
125   71
111  283,
140  216
|111  283,
| 77a 282
111  283
|152 411
111  283
154  424
111  283
164  146
|111     283
|171  ⁶401
| 95a ⁴692

1. **Practice:** PARTIES. Where a husband is joined as a defendant in a suit against his wife simply, in compliance with Revised Statutes, 1879, section 3468, requiring him to be so joined and not to obtain any relief against him, the action may be continued against her after his death without a revivor against his administrator.

2. **Fraudulent Conveyance:** ESTOPPEL. Neither the grantor nor his administrator can assail the former's conveyance because made in fraud of creditors.

3. **Practice:** DEFECT OF PARTIES: WAIVER. An objection because of defect of parties, unless made in an appropriate manner before trial, will be deemed waived.

4. **Partnership:** DEATH OF PARTNER: ADMINISTRATION. A surviving partner is entitled to proceed alone in the collection of the debts and settlement of the partnership estate where the administrator of the deceased partner does not qualify as administrator of such estate.

5. **Practice:** EVIDENCE: HARMLESS ERROR. The admission of improper testimony in an equity suit will be disregarded in the supreme court, where it appears that the facts testified to were established by other competent evidence.

6. **Married Woman:** PRESUMPTION. The law presumes that property acquired by the wife during coverture was paid for with the means of the husband.

7. **Practice:** JUDGMENT: INTEREST. A judgment which shows that it is rendered upon a note bearing ten-per-cent. interest will bear interest at that rate without any recital in the judgment to that effect. (Revised Statutes, 1879, sec. 2725.)

8. ——: ——: COSTS. Where judgment is rendered against defendant for debt and costs, it is proper to tax the costs in favor of the officer entitled to them, if they were not paid by plaintiff.

*Appeal from Clark Circuit Court.*—HON. B. E. TURNER, Judge.

AFFIRMED.

*Smoot & Pettingill* for appellants.

(1)   Plaintiff, John D. Crook, was not a competent witness after the death of Dabney L. Tull, one of the defendants, to prove the date of contracting the debt. *Meier v. Thieman,* 90 Mo. 433; *Bank v. Hunt,* 25 Mo. App. 170.   (2)   This action could not be tried until the third term after the death of Dabney L. Tull. Revised Statutes, 1889, sec. 2201.   The action did not abate as to said deceased until the third term after his death. *Farrells v. Brennan,* 25 Mo. 85; *Gamble v. Dougherty,* 71 Mo. 599.   (3)   After the suggestion of the death of Hudson of the plaintiffs, it is error to proceed to judgment without bringing in the representative. *Gamble v. Dougherty,* 71 Mo. 599.   Where one of the copartners dies, the action survives to the other copartner provided he qualifies as such, if not to the administrator. *Bredow v. Ins. Co.,* 28 Mo. 181; *Mutual Sav. Ins. v. Enslin,* 37 Mo. 453; *James v. Dixon,* 21 Mo. 538; Whittlesey's Missouri Practice, sec. 237. (4)   The judgment was excessive.   There was no proof of payment of costs by plaintiff Crook.   (5)   The judgment was not supported by the evidence.   There was no evidence to show that the property in question was not the property of defendant, Ella R. Tull. Revised Statutes, 1889, sec. 6869.

*Geo. T. Collins* for respondents.

(1)   Court can only consider the record proper, in passing on this case, for the bill of exceptions does not contain either motion in arrest or motion for new trial. *Jefferson City v. Opel,* 67 Mo. 394; *McNeil v. Ins. Co.,* 30 Mo. App. 306; *Fuller v. Thomas,* 36 Mo. App. 105; *Perkins v. Bakrow,* 39 Mo. App. 331; *State v. McRay,* 74 Mo. 303; *State v. Robinson,* 79 Mo. 66; *State v. Anderson,* 86 Mo. 309.   It is not sufficient if it appears

in record proper. *Perkins v. Bakrow*, 39 Mo. App. 331. (2) J. D. Crook, one of the respondents herein, was a competent witness, on the trial of the cause, to prove dates of contracting debt with Dabney L. Tull, though said Tull was deceased, for debt was not the cause of action in issue and on trial. The cause of action in issue and on trial was to charge the real estate of Ella R. Tull with payment of debt of Dabney L. Tull, which had before been fixed, ascertained and determined by judgments in evidence. Revised Statutes, 1889, sec. 8918; *Angell v. Hester*, 64 Mo. 142; *Meier v. Thieman*, 90 Mo. 433. (3) Crook did not answer the question as to date of contracting debt; it was withdrawn, and then he was asked what business was he engaged in, to which question appellant interposed the following: "Same objection as above," which is not an objection that can be considered by this court. *Shelton v. Durham*, 76 Mo. 434; *Allen v. Mansfield*, 82 Mo. 688; *Peck v. Chouteau*, 91 Mo. 138; *State v. Brannum*, 95 Mo. 19. (4) Action was properly tried before the expiration of the third term after the death of defendant, Dabney L. Tull, for he was not a party in interest; was only made party defendant to fulfill the law that requires, in actions against married women, the husband shall be joined with her. (5) It is not error to proceed to try and enter judgment in name of surviving partners, after death of copartner and party to action, without first bringing in the representatives of the deceased copartner. *Matney v. Gregg*, 19 Mo. App. 107; *Weise v. Moore*, 22 Mo. App. 530. Such defect, if defect it was, appellant could only take advantage of by demurrer or answer. *Gimbel v. Pignero*, 62 Mo. 240; *Dunn v. Railroad*, 68 Mo. 269; *Butler v. Lawson*, 72 Mo. 227; *Walker v. Deaver*, 79 Mo. 674. (6) The judgment was supported by the evidence; the evidence proved that the title to the real estate was placed

in appellant, Ella R. Tull, after her marriage with Dabney L. Tull; that Dabney L. put all his means, labor and skill and earnings in the improvements placed upon said real estate, both before and after contracting the debt sought to be charged against the lands, which labor, earnings and means so put in said improvements, after the contracting of said debt, exceeded same in value, and so did the earnings, means and labor put in before. *Sloan v. Torry*, 78 Mo. 623; *Gault v. Saffin*, 44 Pa. St. 367; *Seetz v. Mitchell*, 94 U. S. 580; *Weil v. Simmons*, 66 Mo. 620; *McFeiner v. Kinney*, 22 Mo. App. 554; *Kinly v. Bruner*, 45 Mo. 235.

MACFARLANE, J.—This suit is in the nature of a creditors' bill to charge certain real estate held in the name of defendant, Ella R. Tull, with the payment of certain judgments in favor of plaintiffs and against Dabney L. Tull, husband of said Ella.

It is charged in the petition that on the twenty-first day of January, 1878, plaintiffs, John D. Crook, John C. Paxton and Washington Hudson, as partners, obtained two judgments against Dabney L. Tull for $25 and $61.65 respectively and costs; that said judgments were rendered upon notes bearing interest at ten per cent. per annum; that executions on said judgments were issued and returned *nulla bona;* that the judgments were revived February 23, 1883, and transcripts filed in the office of the circuit clerk of the county, April 19, 1883, and duly recorded; that executions on these transcript judgments were also issued, but no property was found in the name of the defendant therein upon which to levy the same; that after contracting the said debts said defendant, Dabney L. Tull, for the purpose of hindering, delaying and defrauding his creditors, caused all his interest in both real and personal estate, of which he was possessed, to

be conveyed to his wife, defendant, Ella R. Tull; that all his own means and such as he made in business was vested in lands and personal property in the name of his said wife.

It was charged that she held in that manner several hundred acres of land, and a large number of cattle, horses, sheep and other personal property. The prayer was that the said lands be subjected to the payment of these judgments. The answer was a general denial.

Before the trial, defendant, Dabney L. Tull, died. There was no revival of the cause, and the case was tried at the next term against the wife alone.

After finding the correctness of the judgments and the amounts due thereon, the court found that, after contracting the indebtedness with plaintiff, the said Dabney L. Tull transferred or caused to be transferred to defendant, his wife, all his land—over six hundred acres, and all his personal property; that the husband had the full control and management of the estate; that his labor and skill were all devoted to the care and management of the same, and that he had no property in his own name out of which the debt could be made.

The court found the facts as charged in the petition, and it was adjudged that the said judgments, with interest and costs as found, should constitute a lien and charge on said land, and that the same should be sold, etc. From this judgment defendant appealed.

I. It is objected by defendant, in the first place, that under section 2201 of the statute no trial could be had until the third term after the death of Dabney L. Tull, unless the cause was first revived in the name of his administrator, and that, therefore, the trial was premature. It is undoubtedly true, as contended, that no suit can abate in case of the death of a party thereto until the third term after suggestion of the death, and a trial before that time, without a revival, could not

properly be had. This rule only applies, of course, to such actions as require that the administrator of the deceased party would have been a necessary party to an original suit. We do not think the administrator of the deceased husband of defendant a necessary or proper party to the suit. Neither deceased nor his administrator could attack or impeach the validity of the deeds under which the title to the land was vested in defendant. *Jackman v. Robinson*, 64 Mo. 292; *Roan v. Winn*, 93 Mo. 511.

The husband was only necessary, as a party, originally, in order to conform to the statute then in force, requiring him to be joined with his wife in a suit for or against her. Revised Statutes, 1879, sec. 3468. We do not think there was error in proceeding against the wife alone.

II. The record shows that Washington Hudson, one of the plaintiffs and a copartner with the other plaintiffs, also died pending the suit and prior to the trial and judgment. The action proceeded after his death in the name of the survivors without objection by defendant. It is, in this court, objected for the first time, that the court erred in thus proceeding, and for that reason the judgment should be reversed. We do not agree to this objection for two reasons. It is the settled rule of practice in this state that an objection on account of defects of parties, unless made in an appropriate manner before the trial, will be taken as waived by the opposite party. *Dunn v. Railroad*, 68 Mo. 269; *Butler v. Lawson*, 72 Mo. 227.

Again it does not appear from the record that the administrator of the deceased partner had qualified as administrator of the partnership estate, and unless that was done the surviving partners had the right to proceed alone in the collection of the debts and settlement of the affairs of the partnership. *Bredow v. Savings*

*Inst.*, 28 Mo. 185; *Easton v. Courtwright*, 84 Mo. 27; *Matney v. Gregg Bros. Co.*, 19 Mo. App. 109. These decisions clearly indicate that giving a bond as required by sections 57 and 60, Revised Statutes, 1879, was not necessary to vest in the surviving partner the title to the partnership goods, or the right to collect the partnership debts, but it was intended to preserve these rights to them, as against the administrator of the deceased partner, who had given bond under section 62 of said statutes.

III.  John D. Crook, one of the plaintiffs, was examined as a witness in his own behalf, and was permitted to testify, over the objection of defendant, that the debts upon which the judgments against Dabney L. Tull were rendered were created in the years 1872 and 1874 respectively.  The objection was to the competency of the witness to testify to these facts, the said Tull being dead.

The case was in equity and was tried by the court without jury issues.  In such case no harm can result from the admission of the evidence in the trial court, as it can be disregarded by this court, if deemed inadmissible.  *Powell v. Adams*, 98 Mo. 601.

The evidence of this witness was only significant in showing that the property was conveyed to the wife subsequent to contracting the debts by the husband.  This was unquestionably a material fact to be proved by plaintiff; otherwise the gift to the wife, if honestly made, would be good.  The judgments against Dabney L. Tull recite the dates of the notes sued upon to have been the fourth day of March, 1874, and the nineteenth day of January, 1876, respectively.  The notes, which were offered in evidence, showed the same facts.  The testimony, to which objection is made, fixed the dates of the debts for which these notes were given about two

years earlier. The evidence also shows that the title to all the property was vested in defendant, subsequent to the date of each of the notes, except the undivided half of the northwest quarter of section 26, township 66, range 11, which was vested by deed from George Tull, dated April 23, 1874; but which was subsequently sold by the sheriff under a judgment against her husband, and was reconveyed to her in 1882. So it sufficiently appears by other evidence that defendant acquired title to all the property after the debts, upon which judgment was rendered, had accrued, and the evidence of the witness objected to was harmless.

IV. We think the judgment of the circuit court abundantly supported by the evidence. The presumption of law is that property acquired by the wife during coverture was paid for with the means of the husband. *Sloan v. Torry*, 78 Mo. 625, and authorities cited. Defendant offered no evidence to rebut that presumption.

V. Objection is made that the amount found due plaintiff upon the judgment was excessive; that interest on the judgments should have been calculated at six per cent., simple interest; and the costs, which accrued on these suits and judgments, should not have been allowed, for the reason that there was no evidence that it had been paid by the plaintiffs. It is not insisted that the judgment is excessive, if interest was properly calculated at ten per cent., and if the costs, which accrued in those suits, are properly chargeable on this judgment.

The judgment of the justice shows that each of the notes sued upon bore interest at ten per cent. per annum, and the one upon which judgment for $61.65 was rendered bore compound interest. Section 2725, Revised Statutes, 1879, provides that all money judgments shall bear six-per-cent. interest, except those

judgments "upon contracts bearing more than six-per-cent. interest shall bear the same interest borne by such contracts." It appears upon the face of these judgments that the contracts bore ten-per-cent interest, and under the statute the judgment should bear the same rate. We do not think it necessary that there should have been a recital in the judgment to the effect that it bear a particular rate of interest. The statute fixes the rate the judgment is to bear. *State v. Vogle*, 14 Mo. App. 189; *Evans v. Fisher*, 26 Mo. App. 543.

The judgments of the justice were for debt and costs, and the latter were properly taxed for payment in favor of the officer entitled to them, if they were never paid by plaintiffs.

We find no error affecting the merits of the case. Judgment affirmed. All concur.