HARGADINE *et al.*, v. GIBBONS, *Appellant.*

Division Two, March 14, 1893.

114 561
60a 116
114 561
69a 81
114 561
141 82
114 561
87a 576

1. **Partnership**: JUDGMENT: DEATH OF MEMBER OF FIRM. The common-law rule by which a judgment in favor of a partnership survives, on the death of a firm member, to the surviving partners, has not been abrogated in this state.

2. ———: DISSOLUTION: COLLECTION OF ASSETS. While a partnership may be dissolved by limitation contained in the co-partnership agreement as to making new contracts or carrying on its general business, yet it may continue to exist for the collection of assets and the payment of debts.

3. ———: ADMINISTRATION: BOND. The failure of a surviving partner to give the statutory administration bond only subjects him to displacement in case the administrator of the deceased partner's individual estate should qualify as the administrator of the partnership estate. (*Easton v. Courtwright*, 84 Mo. 27.)

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*W. H. Clopton* for appellant.

(1) Section 6023, Revised Statutes, 1889, provides that "if one or more plaintiffs in a judgment or decree shall die before the same is satisfied or carried into effect, the judgment or decree, if concerning the personalty, shall survive to the executors or administrators

of such deceased party." *Gaston v. White*, 46 Mo. 489; *Welch v. City*, 12 Mo. App. 516; *Simmons v. Heman*, 17 Mo. App. 444; *Sims v. Kelsey*, 75 Mo. 62, 68. Section 1990 provides that every action shall be prosecuted in the name of the real party in interest, except as otherwise provided in section 1991. The latter section refers to executors, etc., and "trustees of an express trust." *First.* Partners *inter sese* are trustees as to firm property after dissolution, but the trust is implied, not express. *Coudry v. Gilliam*, 60 Mo. 86. (2) Even as to choses in action, when a partnership is dissolved by mutual consent, and one partner dies, the survivor cannot sue. *Ins. Co. v. Enslin*, 37 Mo. 454; *Bredon v. Ins. Co.*, 28 Mo. 181. *Second.* If the partnership debts are paid the surviving partners have no right to the assets, and they pass to the heirs (if realty) and to the administrators (if personalty). *Rongley v. Tiechman*, 10 Mo. App. 257; *State v. Moore*, 18 Mo. App. 406; *Tieman v. Molliter*, 71 Mo. 512; *Cowgill v. Linnel*, 20 Mo. App. 138.

*Richards & Williams* for respondents.

(1) The only question to be decided by this court is whether plaintiffs were the proper parties to sue under the facts of the case. A partnership after dissolution still exists in a limited sense for the purpose of collecting its assets. Story on Partnership, secs. 325, 328, quoted and approved in *Mudd v. Bast*, 34 Mo. 465; *Coudrey v. Gilliam*, 60 Mo. 92, 93. (2) One feature of the partnership remaining after dissolution is the right of survivorship. *Ober v. Railroad*, 13 Mo. App. 81; *Kinsler v. McCants*, 4 Rich. Laws (S. C.), 46; *Shields v. Fuller*, 4 Wis. 102; *Strange v. Graham*, 56 Ala. 614; *Stillwell v. Gray*, 17 Ark. 473. (3) The representatives of deceased parties are the only persons

in a position to dispute the right of surviving partners to collect assets. Revised Statutes, 1889, sec. 61; *Matney v. Gregg Bros. Co.*, 19 Mo. App. 107; *Weise v. Moore*, 22 Mo. App. 530.

GANTT, P. J.—In January, 1876, Wayman Crow, William A. Hargadine, Hugh McKittrick, D. D. Walker and Frank Ely, suing in their partnership name of "Crow, McCreery & Co.," obtained judgment against Isaac W. Gibbons. Since the judgment was obtained, Wayman Crow and Frank Ely have died and both left wills, and letters testamentary were issued to their executors, and the estate of Ely is still open.

By the terms of the will of Wayman Crow, the residue of his estate, real, personal and mixed was devised to Wm. A. Hargadine and Henry Hitchcock, as trustees for his devisees and legatees. Mr. Ely's will makes no specific mention of the assets of "Crow, McCreery & Co." This partnership expired by limitation.

This judgment was never satisfied and this action is brought by Hargadine, McKittrick & Walker, as surviving partners of the firm to obtain a judgment upon the former judgment, as the term has lapsed within which it is a lien or within which an execution might issue thereon. The defendant defends on the ground that plaintiffs as surviving partners are not the proper parties to sue for the assets of the firm; that the firm being dissolved by limitation plaintiffs were not the real parties in interest but it became assets of the estates of the deceased partners, and their executors were necessary parties to obtain this judgment.

It further appears from the evidence, that, while the partnership ceased to do business as such after the expiration of the time for which it was formed, the assets of the firm still belonged to the firm as such, and,

by virtue of the original agreement, the debts were to be first paid then each partner should receive back the capital invested, and lastly the surplus profits were to be distributed according to that agreement.

But this division of profits was only made after the assets were collected and turned into cash. The uncollected accounts and choses in action still remained the property of the firm in liquidation; they did not belong to the individual partners; but on the contrary the partnership still existed for the purpose of collecting and distributing these assets. As each firm expired by limitation a new one was formed, but only the capital was paid back to the partners from the old concern and put into the new. Each partnership settled itself, and the books remained opened until all assets have been collected and proceeds distributed. Each of the various firms under name of Crow, McCreery & Co., Crow, Hargadine & Co. exists for purposes of settlement after the expiration of the partnership for active business.

The co-partnership of Crow, McCreery & Co. has never been finally wound up, and the judgment here sued on has remained unsatisfied, and is still the property of the firm. No transfer of it was ever made.

The evidence given at the trial by Mr. Hargadine was mostly to explain the fact that no final settlement of the affairs of Crow, McCreery & Co. has yet been made.

It was stipulated in the partnership agreement that no administration should be had upon the partnership estate.

The circuit court gave judgment for plaintiffs, and defendant appeals.

I. The sole question for decision is, whether under the foregoing facts, the power to sue and collect partnership assets, when they consist in a judgment,

survives to the surviving partners or the personal representatives of the individual partners.

The learned counsel for defendant contends that the common-law rule by which this judgment would unquestionably survive to the surviving partners has been abrogated by section 6023, Revised Statutes, 1889, which provides that, "if one or more plaintiffs in a judgment or decree shall die before the same is satisfied or carried into effect, the judgment or decree, if concerning the personalty, shall survive to the executors or administrators of such deceased party." Whereas counsel for plaintiffs insist that the property in dispute is a mere chose in action and this action is an action for debt and not in the nature of a statutory proceeding for revival of a judgment.

Under the facts of this case, notwithstanding the partnership was dissolved by limitation in the original articles of agreement, as to the making of new contracts, or carrying on the business of the firm generally, yet it was not dissolved for all purposes, until all the debts were paid, and all its assets collected and distributed in accordance with the agreement. *Mudd v. Bast*, 34 Mo. 465; *Bredow v. Mutual Sav. Inst.*, 28 Mo. 181; Story on Partnership [7 Ed.] sec. 325; *Ober v. Railroad*, 13 Mo. App. 81; *Coudrey v. Gilliam*, 60 Mo. 86; *Easton v. Courtright*, 84 Mo. 27. And, upon the death of Crow and Ely, the legal right and title to all the partnership property remaining and all rights of action pertaining thereto passed to and vested in the survivors. Such was the rule at common law. 1 Lindley on Partnership [2 Am. Ed.] marg. p. 341.

Judge Philips in *Easton v. Courtright*, most clearly demonstrates that the legislation in this state is the recognition of the right of the surviving partner *without giving bond* to take possession of the assets and administer them. The failure to give the statutory

bond merely subjects him to displacement in case the administrator of the deceased partner should qualify as administrator of the partnership estate, and the authorities cited by him show that this is the prevailing doctrine in this country.

It follows as a necessary corollary, that, until the administrators of the deceased partners do qualify, under the statute the right of the surviving partners cannot be questioned, most clearly not by a debtor of the partnership estate.

The right of the survivors to take the estate and pay the debts has ever been construed as a trust. The surviving partners hold any surplus after the payment of debts for the different partners or their representatives in proportion to their shares in the capital invested.

The maxim *"Jus accrescendi inter mercatores locum non habet"* was long ago established as a rule of law and was a noted exception to the right of survivorship between joint tenants at common law. Its origin is traceable to the more enlightened and equitable principles of the law merchant.

"The rule was founded on the law of self interest and self preservation. Unlike an ordinary administrator, the surviving partner, being directly interested in the assets as part owner, has a direct interest to subserve in protecting the estate against false claims, improvident management, waste and spoliation." *Easton v. Courtwright, supra.* He was liable for the debts on his individual contracts out of his own estate, whether there were assets or not, and the law very justly considered that he had every motive of self interest to protect the estate; and, against any fraud or mismanagement of his, the creditors or representatives of the deceased partners had the protection of the courts of equity and probate.

It is clear that, if this demand had not been reduced to a judgment, the right to sue for and recover it would have survived to the surviving partners. *Crook v. Tull*, 111 Mo. 283. Waiving the fact that the judgment has lost its efficacy, in that its lien has expired, and the time within which it could be revived by *scire facias* having also expired, when as now, it is the foundation of an action, in whose name is the action to be brought, and does section 6023 apply to such a case? We are clear that it does not. The right of plaintiffs to avail themselves of this judgment as a cause of action must be governed by the same rules which would determine their rights to sue on any other partnership *chose in action*, and, tested by those rules, we hold that both at common law and the legislation of this state, they *alone* were proper parties plaintiff, and section 6023 does not apply to judgments in favor of partners. *Crook v. Tull, supra.* The judgment of the circuit court is affirmed. All concur.