JOHN B. DENVIR, JR., Administrator, Respondent, v. MATHEW PARK et al., Defendants; MATHEW PARK, Appellant.

**St. Louis Court of Appeals, December 31, 1912.**

1. TRUSTS: Action by Trustee for Compensation and Disbursements: Pleading: Sufficiency of Petition. In an action against a trustee by the administrator of a prior deceased trustee, for reasonable expenditures for attorney's fees made by the deceased trustee in connection with his administration of the trust estate and for reasonable compensation for his services as trustee, the petition is *held* to state a cause of action, when all intendments are allowed in its favor, which is the rule after verdict.

2. PLEADING: Sufficiency of Petition: Construction After Verdict. After verdict, all intendments are allowed in favor of the sufficiency of the petition.

3. ———: ———: Waiver of Defects: Pleading Over. By pleading over, the defendant waives the right to question the sufficiency of the petition, where the petition states a cause of action when all intendments are allowed in its favor.

Denvir v. Park.

4. ————: Parties: Misjoinder of Parties Defendant: Waiver by Answer. A misjoinder of parties defendant, obvious on the face of the petition, is a ground of demurrer, under sections 1800, 1801, 1802, Revised Statutes 1909, and the filing of an answer to such a petition is a waiver of the defect, under section 1804, Revised Statutes 1909.

5. WITNESSES: Competency: One Party to Contract Dead: Contract or Cause of Action "In Issue or On Trial." In an action against a trustee by the administrator of a prior deceased trustee, for reasonable expenditures for attorney's fees made by the deceased trustee in connection with his administration of the trust estate, the attorney to whom such fees were paid was not an incompetent witness to testify concerning his employment by the deceased trustee and the character of services he rendered the trust estate, under section 6354, Revised Statutes 1909, prohibiting one party to a contract or cause of action in issue or on trial from testifying when the other party thereto is dead, since the "contract or cause of action" between the attorney and the deceased trustee was not "in issue or on trial," in the sense of the statute.

6. TRUSTS: Action by Trustee for Disbursements: Evidence: Admissibility: Appellate Practice. In an action in equity against a trustee by the administrator of a prior deceased trustee, for reasonable expenditures for attorney's fees made by the deceased trustee in connection with his administration of the trust estate, *held* that, while it would have been proper to have excluded records of the probate court, showing the allowance of the attorney's claim against the estate of the deceased trustee, yet their admission, merely as a link in the chain of evidence tending to show that the attorney's claim had been enforced against the estate of the deceased trustee, is not ground for reversal, but inasmuch as plaintiff's right of recovery was established by competent evidence, the appellate court will exclude the probate records from consideration, in its determination of the case *de novo*.

7. APPELLATE PRACTICE: Equity: Review of Equity Cases: Rejecting Incompetent Evidence. In reviewing a case in equity, the appellate court will not reverse the judgment because of the erroneous admission of evidence, but will exclude such evidence from consideration in determining what judgment should be given on the record.

8. TRUSTS: Action by Trustee for Disbursements: Right of Recovery: Subrogation. A trustee has a right in equity to enforce compensation from the trust estate for reasonable expenditures made in the employment of counsel and obtaining advice for the protection of the trust property, provided he acts in good faith; and this right is not predicated on subrogation, since

ordinarily, the attorney has. no right of action for his services against the trust estate, but merely has a right of action against the trustee personally.

9. ———: Compensation of Trustee: Forfeiture for Breach of Trust: Good Faith. A judgment refusing to allow a trustee compensation because of a wilful or flagrant breach of trust is penal in character and should go only under facts and circumstances justly invoking the condemnation of the court; and hence where the trustee of a trust estate created by will, through an error of judgment and in an honest endeavor to protect the trust estate from the payment of taxes, sought to require the executor of the testator's estate to pay them, and, as a result, the taxes became delinquent and penalties accrued, he did not thereby forfeit his right to compensation.

10. ———: ———: ———: Negligence. A loss to the trust estate occurring solely through the negligence of the trustee should be borne by him.

11. ———: Technical Breach Affecting Remainderman: Liability of Trustee. A trustee may be required to respond in equity for even technical breaches that operate to impair the rights of the remaindermen.

12. ———: Technical Breach Affecting Beneficiary: Liability of Trustee. The trustee of a trust estate created by will is not liable for penalties on taxes that accrued while he was endeavoring in good faith to protect the trust estate by trying to get the executor of the testator's will to pay them, where the loss did not fall upon the remaindermen, but upon the cestui que trust, who enjoyed the use of the money with which the taxes should have been paid during the time they were in arrears.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*Leighton Shields* for Mathew Park, defendant-appellant; *Thos. J. Rowe* for Thos. Ward McManus, defendant.

(1) The trial court erred in overruling defendant Park's objection to the admission of any evidence under plaintiff's petition, for the reason that the first

160 Mo. App.—22

count and the second count thereof do not state facts sufficient to constitute a cause of action. (a) As to the first count, no where does it appear what the alleged services of Crow consist in, or in what way they were beneficial to the trust estate. (b) There is a misjoinder of parties defendant as to the first count. Jamison v. Cullingan, 151 Mo. 410; Doan v. Holly, 25 Mo. 357. (c) As to the second count, for the reason that the whole right of action in this count is sought to be based on an allowance by the probate court in favor of Maginn against the estate of William F. Crow, to which proceeding none of the defendants herein were parties, or in any privity with the Crow estate. Koontz v. Kauffman, 31 Mo. App. 397. (d) There is no ground for subrogation in favor of plaintiff against defendant Park in said petition alleged, and further said petition fails to state that the Crow estate in fact has paid Mr. Maginn anything. French v. Trustees of Griswold College, 60 Iowa, 482; Beach on Trustees, sec. 728. (e) There is an improper joinder in said petition of different causes of action. Doan v. Holly, 25 Mo. 357. (2) The trial court erred in admitting, over the objection of defendant, the testimony of witness Maginn as to the alleged fact he was employed by Crow, deceased trustee, and as to the fact that he rendered certain services to Crow, as trustee, who at the time of this trial was shown to be dead. R. S. 1909, sec. 4652; Angell v. Hester, 64 Mo. 142; Meier v. Thieman, 20 Mo. 433; Peck v. McKeane, 45 Ia. 18; 2 Woerner on Administration, pp. 829-30, 834. (3) The court erred in overruling defendants' objections to the introduction in evidence of the files of the probate court in the estate of Crow and oral evidence in support of them showing an allowance by the probate court to Maginn, for the reason that defendants were not parties in the probate court proceeding or in privity with the Crow estate. Koontz v. Kauffman, 31 Mo. App. 397; McCorkle v. Miller, 64 Mo. App. 163;

Comstock v. Keeting, 115 Mo. App. 372. (4) The trial court erred in giving judgment against defendant Park on the second count in the amount of five thousand ($5000) dollars, for the reason that there is no competent evidence, except of witness Nichols and the files in the partition suit, on which to bottom any judgment, and on this evidence an allowance of five thousand dollars is grossly excessive. (5) The trial court erred in giving judgment against defendant Park on the second count in the amount of five thousand dollars for the reason that considering all of the evidence introduced, both competent and incompetent, regarding the services of Maginn, the allowance of five thousand dollars, is grossly excessive. (6) The trial court erred in giving judgment against defendant Park on the second count in the amount of five thousand dollars, for the reason that the evidence shows that Maginn's services for Crow were so confused with his services rendered to Mrs. Burrows that it is impossible to determine which services he rendered Crow. (7) The trial court erred in giving judgment against defendant Park on the second count, in the amount of five thousand dollars, for the reason that there is no competent evidence that Maginn was employed by Crow for a fee. (8) The trial court erred in giving judgment against defendant Park in the amount of sixteen hundred ($1600) dollars, on the first count of said petition, as services for Crow, trustee, for the following reasons: (a) Crow, as trustee, disregarded the power in the will appointing him and mismanaged the trust estate and should hence be deprived of the right to receive any compensation. Newton v. Redanack, 90 Mo. App. 650; Maginn v. Green, 67 Mo. App. 620. (b) Trustee may only recover for his services in so far as those services are necessary and beneficial to the trust estate, there being no evidence of such condition of facts in this case. 2 Perry on Trusts, sec. 919. (c) All of the heirs at law of Crow, trustee, in

a court of competent jurisdiction, having jurisdiction over their respective persons, on issues raised by them asking compensation for Crow's service, had final judgment rendered against them with no allowance for such services. (9) The trial court erred in ruling out evidence of an adjudication on the question of Crow's allowance which was final, and to which proceeding all the heirs at law of Wm. F. Crow were parties, which evidence was offered by defendant Park. (10) The trial court erred in giving judgment against defendant Park on his counterclaim for the reason that Park should have judgment against plaintiff, as administrator, in damages in the amount of seven hundred two and 04/100 dollars as a penalty accruing on the 1906 taxes, which came due by virtue of the neglect of Crow to pay these taxes. Hildenbrandt v. Wolff, 79 Mo. App. 333.

*T. M. Pierce, A. N. Sager* and *T. E. Francis* for respondent.

(1) (a) The point made by appellant, that his demurrer *ore tenus* to the first count of the petition should have been sustained on the ground that said count is indefinite in its allegations in regard to the services performed by the deceased trustee, for which a recovery is sought, is untenable, because that objection, if valid, should have been raised by motion to make more definite and certain, and was waived by answer. Spurlock v. Railroad, 93 Mo. 530; Commission Co. v. Block, 130 Mo. 668; Jackson v. Railroad, 80 Mo. 147; Slaughter v. Slaughter, 106 Mo. App. 104; Harrison v. Self, 103 Mo. App. 286. (b) The point made by appellant, that his demurrer *ore tenus* to the second count of the petition should have been sustained on the ground that, as to said count, there was a misjoinder of parties defendant, is untenable, because that objection, if valid, is patent on the face of the

petition, and hence should have been raised by a formal demurrer before answer, and was waived by answer. Secs. 1800, 1802, R. S. 1909; Brook v. Tull, 111 Mo. 283; Fulwider v. Light Co., 216 Mo. 582; Groves v. Terry, 219 Mo. 595; Stevens v. Fitzpatrick, 218 Mo. 708. (2) Appellant's proposition "c" under point 1 is untenable, in view of the fact that this action is not based upon the allowance by the probate court in favor of the attorney Maginn and against respondent administrator, but is predicated upon the right of the trustee (respondent's intestate) to recover against his successor in trust for necessary expenses personally incurred in administering the trust estate. An attorney employed by a trustee to render services in the administration of the trust estate is not entitled to recover for such services against the trust estate, but the trustee is personally liable therefor; and the trustee, independent of any right of the attorney, has a right to recover against the trust estate for the reasonable value of such services, for which he has incurred a personal liability. Johnson v. Zuman, 7 L. R. A. 656; Yeakle v. Priest, 61 Mo. App. 47; Iron Works v. Kinealy, 86 Mo. App. 199; Coffman v. Yates, 110 Mo. App. 415. (3) Appellant's proposition "d" under point 1 is untenable, in view of the fact that this action is not based upon the theory of subrogation but, as shown in point 2, is predicated upon the theory that the estate of the deceased trustee is entitled to recover the reasonable value of necessary expenses incurred in the administration of the trust estate. Johnson v. Zuman, 7 L. R. A. 656; Yeakle v. Priest, 61 Mo. App. 47; Koken Iron Works v. Kinealy, 86 Mo. App. 199; Coffman v. Yates, 110 Mo. App. 415. (4) (a) Appellant's point 2, that the witness Maginn was incompetent to testify, under section 6354, R. S. 1909, is not well taken, because this statute was enacted to protect the estates of decedents, and only inhibits testimony by the surviving party to a contract when offered

against the interest of the deceased party. The personal representative of the deceased always has a right to waive such inhibition, and, of course, may offer the survivor as a witness in behalf of decedent's estate. (b) Appellant's point 2 cannot be sustained, however, for another reason, viz.: that the testimony complained of, relating to the employment and services of Maginn as attorney, was merely cumulative, and, if erroneously admitted, would not work a reversal, but would be merely disregarded by this court, inasmuch as this is an action in equity; and if the testimony remaining was sufficient to authorize a finding that such employment was made and such services rendered, that finding would be upheld. Crook v. Tull, 111 Mo. 273 Powell v. Adams, 98 Mo. 605. (5) Appellant's point 3, that the court erred in permitting the introduction of the files of the probate court, and oral evidence in support of them, showing the allowance by that court to Maginn is untenable; and if it were tenable, the error would be innocuous, inasmuch as the trial court ignored the conclusion of the probate court and there was other evidence on the question of the services rendered and their value. The suggestions we make under point 4 (b) are applicable to this point also. Crook v. Tull, 111 Mo. 273. (6) Respondent contends, and appellant admits in his brief, that "the allowance to the trustee is always paid out of the life estate," and hence it follows that the only person affected by the judgment herein is Camilla S. W. Burrows, the life tenant and *cestui que trust*, who is satisfied with said judgment and did not appeal therefrom, and who, in her answer, admitted that the allegations in the petition were true and that an allowance should be made in favor of the estate of the deceased trustee. See Parker v. Ames, 121 Mass. 220. Camilla S. W. Burrows, the life tenant, and the sole beneficiary of the trust estate, of which appellant is trustee, having thus admitted that plaintiff is entitled to recover, such admis-

sion is binding upon the trust estate and the trustee, and hence it would have been error to deny plaintiff a recovery on the pleadings, regardless of the proof. 39 Cyc. 505; 28 Am. & Eng. Ency. Law, 1096. (7) In view of the facts stated under our point 6, and the legal consequences that attend such facts, appellant Park is without right of appeal, and hence this appeal should be dismissed. The right of appeal, in all cases, is restricted to persons "aggrieved by any judgment."

NORTONI, J.—This is a suit in equity. It involves a charge against a trust estate. The finding and judgment were for plaintiff and defendant prosecutes the appeal.

Plaintiff is administrator of the estate of William F. Crow, who was former trustee under the will of the estate now represented by defendant Park as his successor in trust. After the death of Crow, trustee under the will, defendant Park was appointed by the circuit court as his successor in trust. The original trustee, William F. Crow, after serving under the will for almost two years, departed this life without having made a settlement and before any compensation was allowed to him in that behalf. The present suit by the administrator of Crow, the prior trustee, against the trust estate is for an allowance in compensation for Crow's services as trustee and for an expenditure by him for the services of an attorney rendered in the interests of the trust estate.

Camilla S. McManus, under whose will the trust was created, departed this life on November 16, 1905, at the city of St. Louis. By her last will, duly probated, she appointed plaintiff's intestate, William F. Crow, trustee to manage and care for one-third part of her estate, with directions to pay the net income thereof as collected to the granddaughter of the testator, Camilla S. Walcott, during her life. The *cestui que trust*, Camilla S. Walcott, intermarried and her

name is now Camilla S. Burrows.  By this will Camilla S. McManus devised one-half of her estate to her son, Thomas Ward McManus, and one-sixth portion thereof to her granddaughter, Camilla S. Walcott, now Burrows, absolutely and the remaining one-third part of the estate to Crow in trust for her granddaughter, Camilla S. Walcott, now Burrows, during her life, with cross-remainders over in favor of Thomas Ward McManus and Camilla S. Walcott, now Burrows, in event either should die prior to the other.  Crow, the trustee, qualified immediately and took charge of the trust estate.

It appears the entire estate of Mrs. McManus consisted of real estate valued at $837,000, besides something over $15,000 in personalty.  This real estate consisted of about twenty separate pieces of property located at different places in the city of St. Louis, some of which were vacant, and many other pieces were occupied by tenants.  While Crow, the trustee, collected the rents through real estate agents, he devoted much time to looking after and caring for the estate.  Among other pieces of property owned by the estate is the parcel of vacant ground between Pine and Laclede avenues and Vandeventer avenue and Sarah street in St. Louis.  During the time of Crow's incumbancy, condemnation proceedings were pending against the north front of this property and these largely engaged the attention of the trustee.  A few months after he took charge of the estate, Thomas Ward McManus instituted a suit against Camilla S. Burrows and Crow, the trustee, with respect to a partition of all of the realty.  Crow employed counsel to look after these matters and to advise him with respect to the affairs of the trust estate.  From a reading of the record, it is clear that, besides devoting a large portion of his own time to the trust estate, the trustee occupied much of the time of his counsel with respect to those matters.  It is obvious that the best

interests of the estate required the services of the counsel employed by the trustee; that the employment was in good faith and the services well rendered.

The trustee served in that capacity nearly two years and died without having made a settlement or received any remuneration whatever for the services of himself or the counsel employed by him. After the death of the trustee and the appointment of plaintiff Denvir as administrator of his estate, James P. Maginn, who had represented the trustee as attorney, filed a claim in the probate court for attorney's fees amounting to $5,333.33, accrued through the services rendered by Maginn to the trustee in respect of the matters pertaining to the management of the trust estate. This claim was allowed and classified by the court against the estate of Crow, the deceased trustee, in the hands of his administrator, Denvir.

Thereafter, plaintiff, administrator of Crow, instituted this suit against Park, trustee, Crow's successor, and Camilla S. Burrows, the *cestui que trust*, and Thomas Ward McManus, remainderman, seeking to recover compensation for the services of Crow, trustee, and for the amount he had expended for the services of his attorney, Maginn, rendered to the trust estate. Upon hearing the evidence, the court found the issue and gave judgment for plaintiff for $1600 as compensation for the services of Crow, the trustee, and $5000 in compensation for the employment of counsel.

By their answer, defendants Park, trustee, and Thomas Ward McManus, remainderman, denied the right of plaintiff to any compensation whatever, on the theory that Crow had mismanaged the estate, in that he had omitted to pay the current taxes on the realty in the fall of 1906 and permitted penalties, amounting to $702.04, to accrue thereon, which penalties were paid off and discharged by defendant trustee upon his succession. Furthermore, this answer

contains a counterclaim asking judgment against the
estate of Crow, deceased, for the amount of such pen-
alties—that is, $702.04. There is no suggestion what-
ever in the record that Crow mismanaged the estate,
except that he omitted to pay these taxes and permit-
ted the penalties to accrue. The court found this issue
against defendants, as well as the matter set forth
in their counterclaim.

It is urged, first, that the court erred in overruling
defendant's objection to the reception of any evidence
under the petition because it was insufficient. It is
obvious that the petition states a cause of action, when
all intendments are allowed in its favor, as is the rule
after verdict, and the argument now directed against
it must fail. By pleading over as they did, defendants
waived the objection now insisted upon. [Spurlock v.
Mo. Pac. R. Co., 93 Mo. 530, 537, 6 S. W. 349.]

It is urged the court should have sustained de-
fendant's objection to the introduction of evidence for
the reason there is a misjoinder of parties in the peti-
tion, in making Thomas Ward McManus, the remain-
derman, a defendant to the suit. If the matter pre-
sents a case of misjoinder of parties, it was obvious
on the face of the petition and was available to de-
fendant by demurrer on that ground. [See sections
1800, 1801, 1802, R. S. 1909.] By answering the peti-
tion, defendants waived the point and it is not now
open for consideration. [See Sec. 1804, R. S. 1909.
See Crook v. Tull, 111 Mo. 283, 289, 20 S. W. 8.]

At the trial, the court permitted James P. Maginn,
the attorney who had represented the trustee, to testi-
fy that Crow, trustee, had sought his advice and em-
ployed him pertaining to the litigation and other busi-
ness of the trust estate. Maginn testified fully with
great detail as to all of the services he rendered to the
trustee, and it appears that all of the services were ben-
eficial to the trust estate, and of no benefit whatever
to the trustee, except as such. The testimony of this

witness was objected to on the ground that Crow, plaintiff's decedent, who was the other party to the contract of employment, was dead; but the court over-ruled this objection. It is argued here that error inheres in this ruling, for it is said that the statute (section 6354, R. S. 1909) inhibits the testimony of Maginn touching his contract of employment by Crow, in view of the fact that Crow is since deceased. This is not a suit against the estate of Crow, nor is a recovery on the contract between Crow and Maginn being sought against Crow's estate. It is true, as before stated, that Maginn filed a claim in the probate court against the estate of Crow on this contract of employment and that court allowed it to the extent of $5333.33. Had the objection made here been made against the testimony of Maginn in asserting his contract against the estate of Crow, it would obviously have fallen within the very terms of the statute. (See Sec. 6354, R. S. 1909). But that question is not before us. Here, the suit is by Crow's administrator against the estate of which Crow was formerly trustee, seeking the recovery of a reasonable amount to compensate him for expenditures in employing an attorney for the benefit of the trust estate. Obviously the "contract or cause of action" between Maginn and Crow is not in issue and on trial here in the sense of the statute (Sec. 6354, R. S. 1909), but, rather, the question is, Did Crow engage counsel in proper circumstances and did counsel render services beneficial to the estate so as to entitle Crow to recover reasonable compensation for the amount expended by him in that behalf? Neither is plaintiff here as administrator of Crow's estate claiming under Maginn in the sense of the statute, for he is claiming only reasonable compensation, which our jurisprudence awards to a trustee for expenditures made by him in employing counsel to protect the interests of the estate in his charge. Instead of claiming under the contract with Maginn, plaintiff is merely

pursuing a primary principle of equity jurisprudence, which, in accordance with the precepts of natural justice, awards to a trustee compensation in a reasonable amount (not the contract amount) for expenditures made by him in protecting the interests of the trust estate.

Over the objection and exception of defendants, plaintiff introduced the records of the probate court showing that the claim of Maginn for attorney's fees had been established against the estate of the former trustee, Crow, for the amount of $5333.33. It is urged that the court erred in permitting this judgment to be introduced in evidence in this cause, for it is said none of the defendants here were parties to that proceeding. It is true that neither the trustee nor other defendants here were parties to that record, and it is true, too, that the judgment of the probate court establishing the claim of Maginn against the estate of Crow was without probative force in this case. However, the probate record was not admitted for the purpose of establishing the claim for attorney's fees against the trust estate but merely as a circumstance or a link in the chain of evidence tending to show that the claim for attorney's fees had been enforced against the estate of the prior trustee. It would have been proper for the court to have excluded this record, as defendants were in no wise in privity with the judgment which it evinced against the estate of Crow, but, be this as it may, the ruling complained of affords no ground for a reversal here, when it appears that the plaintiff's right of recovery touching the expenditure for attorney's fees is abundantly established by other competent evidence in the record. The record is replete with evidence tending to show that Maginn counseled and advised the trustee about the matters pertaining to the trust for the whole period of his trusteeship, during which time he looked after the partition suit and condemnation proceedings before refer-

red to. Members of the bar testified that the services rendered by Maginn to the trustee were of the reasonable value of $7500. Indeed, there seems to be no serious controversy over the fact that Maginn did perform legal services for the trustee which were beneficial to the estate and that such services were of considerable value. The *cestui que trust,* Camilla S. Burrows, by her answer admits the fact to be true and requires proof only concerning the value of the services rendered. It is obvious that the chancellor was not influenced by the judgment of the probate court establishing Maginn's claim at $5333.33 against the estate of Crow as conclusive on account of such services, for judgment was given here in the amount of $5000 only on that score. The suit is in equity and it is proper for us to exclude the evidence objected to as incompetent and treat with the case accordingly here; that is, to affirm or reverse the judgment as the exigencies of the occasion seem to require. As the fact that Maginn performed the service as attorney for the trustee and that such services were of the reasonable value of $5000 is abundantly established by the proof made, without regard to the record of the probate court introduced in evidence, we will exclude that record from consideration here and affirm the judgment, unless a reversal should be had on other grounds. Such is the practice in equity causes. [See Crook v. Tull, 111 Mo. 283, 289, 20 S. W. 8.]

It is argued that plaintiff is not entitled to recover the amount expended by the trustee for attorney's fees except on the theory of a subrogation—that is to say, unless it appears plaintiff became subrogated to the rights of Maginn through paying Maginn's claim established against Crow's estate in the probate court. And it is said that the right of subrogation does not obtain. From a consideration of this argument, it is clear that defendant misconceives the theory of plaintiff's case as to the item for attorney's fees.

Plaintiff does not predicate his right of recovery upon the theory of subrogation but rather as for reasonable expenditures made in protecting the trust estate. No one can doubt that a trustee may reimburse himself for money advanced in good faith for the benefit and protection of the property of the trust estate. [See 2 Perry on Trusts (6 Ed.), secs. 485, 910.] This right of reimbursement is available to the trustee to enforce compensation from the estate for such reasonable expenditures as the trustee has made in the employment of counsel and obtaining advice toward protecting the property in trust, provided always that the trustee acts in good faith in the matter. [See 2 Perry on Trusts (6 Ed.), sec. 910; Coffman v. Gates, 110 Mo. App. 475, 489, 85 S. W. 657.] While this principle vouchsafes remuneration to the trustee for the reasonable expenditures of the trustee, as above suggested, it affords no right of recovery against the trust estate upon those persons with whom the trustee contracts. As to such parties, the trust estate may not be required to respond directly, in other than exceptional circumstances, but their claim, if any, is to be asserted against the trustee who contracted the debt, and he may be required to respond, unless a special contract to the contrary appears. [See Johnson v. Leman, 7 L. R. A. 656; Koken Iron Works v. Kinealy, 86 Mo. App. 199; see also Hackman v. Maguire, 20 Mo. App. 286.] Plaintiff's petition recognizes these principles and seeks a recovery from the trust estate as for attorney's fees, on the theory that the trust estate is liable to reimburse the trustee for reasonable expenditures in its behalf and that the estate of the former trustee, Crow, in the hands of Denvir, administrator, *is,* and the trust estate now in the hands of Park, trustee, is *not,* answerable to Maginn for his reasonable charges in that behalf. The theory was a proper one and well pursued.

It is insisted that, as the trustee Crow omitted to pay the current taxes on the realty for 1906 and suffered penalties amounting to $702.04 to accrue thereon, the item of $1600 allowed to his estate by the court for his services should be disallowed here.  There can be no doubt that the courts frequently refuse all compensation to trustees when a  wilful or flagrant breach of trust appears.  Such was the case of Newton v. Rebenack, 90 Mo. App. 650.  But such judgments are penal in character and should go only on facts and circumstances which justly invoke the condemnation of the court and as a measure of punishment.  No such facts or circumstances appear here.  By the terms of the will, it was the duty of Crow, the trustee, to collect the income from the trust estate and pay the net proceeds thereof over to the *cestui que trust*, Camilla S. Walcott, now Burrows, semi-annually.  It appears that the trustee collected the income and paid all of it over to the *cestui que trust* without deducting the current taxes therefrom.  This matter related to the taxes payable in the fall of 1906, which were theretofore assessed and existed as a lien upon the property at the time of the death of the testatrix, Mrs. Camilla S. Mc-Manus.  Because these taxes were a lien upon the estate at the time of the death of the testator, the trustee insisted they should be paid by Thomas Ward Mc-Manus, the executor of his mother's will, and not out of the income of the trust estate.  While this matter was in controversy between the trustee and the executor, the taxes were permitted to lapse and the penalties to accrue.  Obviously the trustee was seeking to conserve the interests of the trust estate here, for his endeavor was to fix the charge of those taxes upon the personal estate in the hands of the executor and relieve the trust estate of a burden to that extent.  Though these facts may reveal an error of judgment on the part of the trustee, it is certain they suggest nothing which should invoke the condemnation of the

court nor its punishment as through the denial of compensation for his services rendered in good faith.

But it is argued, even though all of the compensation of the trustee be not denied, the amount of the penalties which were permitted to accrue through Crow's omission to pay the taxes should be allowed in favor of defendants. on their counterclaim charged against the prior trustee and deducted from the amount of his compensation for services. There can be no doubt of the general proposition that a loss to the trust estate which occurs solely through the negligence of the trustee should be borne by him. [See 2 Perry on Trusts (6 Ed.), sec. 914.] From this it is urged the loss to the trust estate on account of the accrual of the penalties, amounting to $702.04, should be borne by the trustee, and it is said the point has been directly decided by this court in the case of Hildenbrandt v. Wolff, 79 Mo. App. 333. The case relied upon is not controlling, for the equities involved in that judgment were highly dissimilar. In that case, as in this one, the will creating the trust directed the trustee to collect the rents and pay. the net income over to the *cestui que trust*. There, the trustee paid the gross income from the rents over to the *cestui que trust* while in her last sickness and, therefore, he omitted to pay the taxes and permitted penalites to accrue thereon. The *cestui que trust* died and these penalties thus permitted to accrue became a charge upon the estate of the remainderman, for our revenue statutes declare the taxes and penalties on real estate to be a lien upon the land. Under the will in that case, as in this one, the trust estate, after the death of the *cestui que trust,* was to vest in another, or remainderman, acquitted of all charges whatever. The *cestui que trust* having died, the property passed to the remainderman, encumbered by the penalties permitted by the trustee to accrue. Because of this encumbrance thus entailed upon the estate of the remainderman, the court declared the

breach of trust in allowing penalties to accrue to be such as, in the equities of the situation, required the trustee to bear the burden.   It is the generally accepted doctrine adhered to in equity jurisprudence that the trustee may be required to respond for even technical breaches which operate to impair the rights of the remainderman.   [See Newton v. Rebenack, 90 Mo. App. 650, 658, 659.]   But here the estate of the remainderman is in no wise involved or impaired through the default of the trustee in omitting to pay the taxes for 1906.   The *cestui que trust* is entitled to the net income of the property during her life.   She is *sui juris* and still lives.   The money, which should have been employed by the trustee in paying these taxes and thus preventing the accrual of these penalties, was paid over to the *cestui que trust* as collected, and she enjoyed it together with the income or increment therefrom.   The trustee acted in the utmost good faith in declining to pay the taxes, for he insisted they should be paid by the executor because they were a lien upon the land at the time of the death of the testator.   His purpose was to protect the interests of the *cestui que trust,* and, in endeavoring to do so, the penalties accrued, while she enjoyed the use of the money with which the taxes should have been paid. The *cestui que trust* is a party defendant and has filed an answer in the case.   By her answer she admits the plaintiff is entitled to compensation and only requires proof with respect to the amount.   No claim whatever is set forth by her with respect to these penalties. Neither the remainderman, Thomas Ward McManus, nor the *corpus* of the trust estate is affected thereby in any wise whatever.   The taxes and penalties have since been paid from the income by the defendant, succeeding trustee.   It is true the defendant trustee asserts this claim in his cross-bill and he represents all parties in interest so far as that is concerned.   How-

169 Mo. App.—23

ever this may be, it would seem inequitable and unjust to allow this claim and deduct its amount from the trustee's compensation when such deduction would inure only to the benefit of the *cestui que trust* who has during all of the time enjoyed the money and its increment with which these taxes should have been paid. [See Oellien v. Galt, 150 Mo. App. 537, 131 S. W. 158.] If the loss were to fall upon the reminderman, a different question would be presented but, as it is, the question is, Shall this loss be borne by the trustee who acted throughout in the utmost good faith, or shall it be borne by the *cestui que trust* in whose interest he was acting and who has enjoyed the increment of the money with which the taxes should have been paid? It would seem that the precepts of natural justice suggest that the amount of these penalties should not be decreed against the prior trustee but rather should be treated as off-set by the increment from the money which was paid over to the *cestui que trust* and should have been employed in liquidating the taxes. In this view, the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.