**DIXON et al. v. GREEN et al.    (No. 635–4496.)**

(Commission of Appeals of Texas, Section B. June 16, 1926.)

**1. Appeal and error ☞376.**

Shareholders of joint-stock association, joined as parties defendant to secure contribution, must be made obligees in appeal bond, under Vernon's ' Sayles' Ann. Civ. St. 1914, art. 2097.

**2. Appeal and error ☞395—Appeal will be dismissed, unless bond is payable to every party to judgment having adverse interest to appellant (Vernon's Sayles' Ann. Civ. St. 1914, art. 2097).**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2097, an appeal will be dismissed, unless bond is payable to every party to judgment whose interest is adverse to that of appellant, although judgment may not be in favor of such party.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by W. T. Waggoner, doing business under the firm name of the Waggoner Refining Company, against the La Rue Oil Association, J. A. Dixon, and others, in which S. L. Green and others intervened. Judgment for plaintiff as against certain defendants and for defendants against interveners was reversed and remanded by the Court of Civil Appeals (272 S. W. 623), and J. A. Dixon and others bring error and move to dismiss the appeal. Reversed, and appeal dismissed.

Bonner & Storey, of Vernon, and Wm. Boyce, of Amarillo, for plaintiffs in error.

W. L. Scott, of Olney, for defendants in error.

POWELL, P. J. This case is fully stated by the Court of Civil Appeals in its opinion reported in 272 S. W. 623. This opinion was upon the merits of the appeal. What we shall say has no application to the merits of the case, but only as to whether or not the appeal should have been dismissed because of a defective appeal bond. Motion was filed asking for such a dismissal. The motion was met by a counter motion by appellants, asking permission to file a new bond in compliance with the statutes. The Court of Civil Appeals granted the latter motion, and allowed 15 days for the filing of the substitute or amended bond. But it was never filed. The Court of Civil Appeals then acted finally on the motion to dismiss the appeal, and overruled it without a written opinion.

In their motion to be permitted to file a new bond, appellants stated that, "by inadvertence and oversight, they failed to name all of the parties adversely interested, as well as W. T. Waggoner, as beneficiaries in said bond (original)." Further, the appellants prayed in their motion that they be permitted to file "a proper and sufficient bond in lieu of the defective and insufficient one" already on file in the court.

A short statement of the case as affecting those who should have been made obligees in the appeal bond is taken from the motion for rehearing on the application for writ of error, as follows:

"W. T. Waggoner brought the suit against the La Rue Oil Association, a joint-stock company, and some twenty individuals, to recover a balance of $6,421.50 alleged to be due on account. The defendants made other defendants parties to the suit, asking for contribution. S. L. Green and D. R. Eakin, defendants in error, filed a pleading seeking to intervene, claiming an interest in the account sued on to the extent of $5,000. The judgment of the district court was in favor of plaintiff Waggoner against defendants La Rue Oil Association, J. A. Dixon, Lon Byars, C. S. Schmoker, Anderson Smith, Joe Forrester, and M. F. Forrester for the sum of $1,969.03. That S. L. Green and D. R. Eakin take nothing as against any of the defendants. That the plaintiff and interveners take nothing as against defendants J. H. Kinchloe, W. S. Bourland, F. G. Dean, J. N. Doran, John E. Foster, F. A. Colhausen, W. H. Hampton, H. J. Muller, and John McCrary; and that the defendants cast in the suit take nothing by their cross-action as against W. H. Anderson and some 42 other named defendants. The interveners, S. L. Green and D. R. Eakin alone appealed, making the La Rue Oil Association, Ben M. Woods, J. A. Dixon, and Lon Byars obligees in the appeal bond. The appellees moved to dismiss the appeal for insufficiency of bond. The court allowed appellants 15 days within which to file an amended bond. This was never filed, and the court overruled their motion to dismiss the appeal."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] As just shown, the only obligees in the appeal bond were the La Rue Oil Association, Ben M. Woods, J. A. Dixon, and Lon Byars. That there were others adversely interested is clear. We again quote from motion for rehearing on application for writ of error as follows:

"The plaintiffs in error (in Supreme Court), if they are finally forced to pay a judgment in favor of the defendants in error, would be entitled to ask for contribution against persons whom they alleged to be partners and jointly liable with them. These parties now have a judgment denying this right of contribution, and the result is that the plaintiffs in error on another trial will be deprived of the right to seek such contribution, for the reason that the judgment as to those defendants not made parties to the appeal bond has now become final. The defendants in error were given an opportunity by the Court of Civil Appeals of amending their bond, making necessary parties. This they failed to do, and the plaintiffs in error have thus been deprived of a substantial right through the fault of the defendants in error, if the judgment of the Court of Civil Appeals be allowed to stand."

In the trial court, plaintiffs in error had won. They did not want any appeal. But defendants in error here did desire to appeal. They should have made all necessary parties obligees in their bond so as to protect the rights of all such parties if they finally prevailed in establishing their contention.

Article 2097 of Vernon's Sayles' Revised Civil Statutes of Texas of 1914 reads as follows:

"The appellant or plaintiff in error, as the case may be, shall execute a bond, with two or more good and sufficient sureties, to be approved by the clerk, payable to the appellee or defendant in error, in a sum at least double the probable amount of the costs of the suit in the Court of Civil Appeals, Supreme Court and the court below, to be fixed by the clerk, conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect, and shall pay all the costs which have accrued in the court below, and which may accrue in the Court of Civil Appeals and the Supreme Court."

This article has been carried forward in the 1925 revision of our statutes.

[2] Our courts have always construed this article to mean that an appeal will be dismissed, unless the bond is payable to every party to the judgment whose interest is adverse to that of appellant, although the judgment may not be in favor of such party. See Young v. Russell, 60 Tex. 684; Peiser v. Peticolas, 48 Tex. 483; Terry v. Cutler (Tex. Civ. App.) 21 S. W. 726; Snow v. Eastham (Tex. Civ. App.) 46 S. W. 866.

With reference to one of the cases cited by us, we quote as follows from the application for writ of error:

"In the case of Terry v. Cutler (Tex. Civ. App.) 21 S. W. 726, above cited, Mary P. Terry brought suit against some fifteen defendants to recover a tract of land. The trial court sustained a plea to the jurisdiction urged by two of the defendants, and dismissed the suit as to them. A judgment was rendered for the remaining defendants, and the plaintiff appealed. The defendants who had been dismissed were not made parties to the appeal bond, and the court held that, since they had an interest in the judgment adverse to the appellant, they should have been parties to the appeal bond, and the appeal was dismissed. The same rule was applied in the decision of the other cases cited."

Upon the merits of the case, the majority of the Court of Civil Appeals remanded the cause for a new trial. Justice Randolph dissented, thinking the trial court should be affirmed. The Court of Civil Appeals should have dismissed the appeal for want of jurisdiction, in view of the defective appeal bond on file. It is our duty to recommend that the Supreme Court itself enter the judgment which the Court of Civil Appeals should have entered in this connection. See State of Texas v. John R. Bigham, Sheriff, 280 S. W. 1062, recently decided by Section A of the Commission of Appeals.

For the reason stated, and without in any sense passing upon the merits of this case, we recommend that the judgment of the Court of Civil Appeals be reversed, and the appeal dismissed by the Supreme Court.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and judgment rendered dismissing the appeal.